[No. 5005.]

## CHARLES A. THOMPSON v. DIXEY W. THOMPSON.

AVERMENT OF NEW MATTER IN ANSWER.—An averment in an answer, in ejectment, that the plaintiff's grantor had made a prior sale to the defendant, amounts only to a denial of the plaintiff's title, and the plaintiff need not answer it.

EQUITABLE RELIEF IN EJECTMENT.—An averment in an answer, in an action of ejectment, to recover Pueblo lands, that the grant of the same made by

the Town Council to the person under whom the plaintiff claimed was made for the benefit of the President of the Town Council, and that the plaintiff had notice of this when he took his conveyance, affords no ground for equitable relief to the defendant, if he has no privity with the title of the town.

DESCRIPTION OF LAND IN DEED.—The Court cannot say, as a matter of law, that a deed which describes a piece of land in a town as "Lot No. 62, containing 50 52-100 acres," * * "and numbered and marked on the official map or plan of outside lands of the town," * * "made by W. H. Norway," is void for uncertainty in description.

SALE OF PUEBLO LANDS.—The Legislature has the power to direct in what manner the Pueblo lands of a town may be disposed of, and it may confirm a void sale of such lands previously made by the town.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

Ejectment to recover Lot No. 62, of the lands known as the outside or Pueblo lands of the Town or City of Santa Barbara, marked on the map of W. H. Norway's subdivision of said lands, known as Official Map No. 2, on file in the office of the City Council of said city. The defendant in his answer set up, " as a cross complaint," that the lot was a part of the four leagues of Pueblo land which was patented to Santa Barbara by the United States on the 31st day of May, 1872, to the Mayor and Common Council of said city; that the patentees took the land in trust for the occupants thereof, and that the land was granted to him by the municipal authorities of the town, on the 19th day of July, 1862, and that at the date of the grant he was and ever since had been in the possession of the same. The answer further averred that, in the year 1870, the Town of Santa Barbara pretended to grant to one Gaspar Espinosa the demanded premises, and that said Espinosa was the servant of Francisco de la Guerra, and that De la Guerra was the President of the Board of Trustees of the town, and that the grant to Espinosa was not for his benefit, but for the benefit of De la Guerra; that Espinosa conveyed to De la Guerra on the 10th day of March, 1870, and De la Guerra conveyed to the plaintiff, and the plaintiff, when he took the conveyance, well knew that the grant to Espinosa was for the benefit of De la Guerra, and that De la Guerra, by reason of his holding the office of President of the Board of Trustees, could not grant the land to himself through Espinosa. There was a prayer that the Court would decree

that the defendant had an equitable title, etc. The plaintiff did not answer this " cross-complaint," so-called. On the trial, it was admitted that the lot was a part of the Pueblo lands. The plaintiff introduced a deed from the President and Board of Trustees of the Town of Santa Barbara to Gaspar Espinosa, dated February 28th, 1870, and a deed from Espinosa to said De la Guerra, dated March 10th, 1870, and a grant from De la Guerra to the plaintiff, of which the following is a copy:

" I hereby grant to C. A. Thompson Lot No. 62, containing 50 52-100 acres, situate in the Town and County of Santa Barbara, State of California, and numbered and marked on the official map or plan of outside lands of the Town of Santa Barbara, made by William H. Norway, Surveyor.

" Santa Barbara, June 19th, 1874.

" FRAN<sup>co</sup> DE LA GUERRA."

The defendant objected to the foregoing grant as void for vagueness of description, but the Court overruled the objection.

The defendant objected to the conveyance from the President and Board of Trustees to Espinosa, because it had not been shown that the town authorities had power to make the grant, but the Court overruled the objection. The plaintiff did not show any authority on the part of the town authorities to make the conveyance. The defendant did not show any privity with the title of the town, but proved that he inclosed the land about 1859, and had since been in possession. The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*Charles E. Huse*, for the Appellant, argued that the answer contained a cross-complaint, which was not denied, and that, therefore, upon its allegations, the defendant was entitled to equitable relief, and cited sec. 442 of the Code of Civil Procedure as enacted in 1874.

*W. M. Francis*, for Respondent.

By the COURT:

There was nothing in the cross-complaint (so-called) which it was incumbent on the plaintiff to answer. So much of it as averred a prior grant to the defendant by the municipal authorities of Santa Barbara amounted only to a denial of the plaintiff's title; and the fact was admissible in evidence under the general denial in the answer. The averment that the grant to Espinosa (under which the plaintiff claims title) was in fact made for the benefit of De la Guerra, the President of the Town Council, and that when the plaintiff took his conveyance he had notice of this fact, presents no ground for equitable relief to the defendant. If he already had the title, as the cross-complaint avers, under a prior grant from the authorities of the town, he needed no affirmative relief. On the other hand, if he had no privity with the title of the town, he was not in a position to institute an inquiry whether the grant to Espinosa was for his own benefit, or that of De la Guerra. If the pleading had shown that the defendant had a prior equity derived from the town authorities, which entitled him to a conveyance of the legal title, this would have presented a case for equitable relief. But this pleading did not state such a case, nor any facts entitling the defendant to affirmative relief. It was, therefore, unnecessary to answer it.

The objection to the deed from De la Guerra to the plaintiff, that it is void for uncertainty in the description of the line, was not well taken. We cannot say as a matter of law that on the face of the deed the description was so vague as not sufficiently to identify the land.

If there was any infirmity in the deed from the town authorities to Espinosa, for want of authority or legal capacity to make it, the defect was cured by the third section of the Act of February 4th, 1872, (Statutes 1871–2, p. 78) which enacts that " all acts and proceedings of the Board of Trustees of the said town since the 1st day of January, 1870, are hereby approved and confirmed." This deed was made after that date, and before the passage of the act; and as the land in controversy was a part of the Pueblo lands confirmed and patented to the Town

of Santa Barbara, it was for the Legislature to direct in what manner they should be disposed of. A subsequent approval by the Legislature of a prior disposition of the land by the town authorities, was equivalent, in law, to a previous authority so to dispose of them.

Judgment and order affirmed.