[No. 7,117.—Department No. 1.]

## FREEMAN v. CAMPBELL.

PARTNERSHIP NOTE—PLEADING—FINDING.—In an action against partners, upon a promissory note signed by their individual names, and not by the firm-name, the complaint alleged, and the Court found, that the defendants were partners, and that they executed the note. *Held*, there was no sufficient allegation or finding that the note was executed by the makers as partners, or for a consideration which passed to the partnership.

PRACTICE—FINDING—APPEAL.—Upon an appeal from a judgment of the District Court, where there was no finding upon a material issue, *held*, that it would be impracticable to return the case to the Superior Court, with directions to find upon that issue alone.

APPEAL from a judgment for the plaintiff, in the Tenth District Court, County of Colusa. KEYSER, J.

The note referred to in the opinion is signed, " W. D. Campbell," " J. Spurgeon."

The answer alleges the filing of petitions in insolvency by the defendants respectively, subsequently to the execution of the note and other demands sued upon; and a supplemental answer alleges their final discharge. The other facts are stated in the opinion.

*A. L. Hart,* for Appellants.

The findings of the Court do not respond to the defense of insolvency pleaded in the answer. (*Phipps* v. *Harlan,* 53 Cal. 87; *Boggs* v. *Smith,* id. 88; *Shaw* v. *Wandesforde,* id. 300; *Smith* v. *Lawrence,* id. 34.) The note sued upon was not executed by the partnership, but by the defendants individually.

*Jackson Hatch,* for Respondents.

If the insolvency issue was material, the error committed in failing to find upon it can be remedied by a modification of the judgment, so as to limit its effect to the property of the partnership, acquired before the commencement of the insolvency proceedings. (*Cal. Furniture Co.* v. *Halsey,* 54 Cal. 315.) Or the Court can reverse the judgment, and direct the Court below to find upon the insolvency issue, instead of ordering a new trial. (*Phipps* v. *Harlan,* 53 Cal. 87; *Watson* v. *Cornell,* 52 id. 91; *Le Clert* v. *Oullahan,* id. 252; *Swift* v. *Canavan,* id. 417; *Glascock* v. *Ashman,* id. 420; *Billings* v. *Everett,* id. 661; *Bosquet* v. *Crane,* 51 id. 505.)

McKINSTRY, J., for the Court, (from the bench):

We believe that there is no sufficient averment in this complaint that the promissory note was executed by the makers as partners, or for a consideration which passed to the partnership. Nor do we think that the findings determine that fact in terms. There is a finding that they are partners, and there is a finding also that they executed this promissory note, but no distinct finding that it was a partnership note, or that those persons executed it as partners.

We find also in respect to the matter of insolvency, which is alleged in the answer, and upon which there is no finding in the record, that (inasmuch as the appeal was taken from the District Court prior to the date when the Court went out of existence) it would be impracticable to return the case to the Superior Court, with directions to find upon the issue in respect to insolvency alone; and the case can only be disposed of by ordering that the judgment be reversed, and cause remanded to the Court below, where the parties can make such application for amendment of the proceedings as they may be advised is for their interest.

Judgment reversed, and cause remanded for further proceedings.