[No. 9215.  In Bank.—May 26, 1886.]

J. W. HARRISON, RESPONDENT, *v.* JOHN McCOR-
MICK ET AL., APPELLANTS.

CROSS-COMPLAINT—WHAT IS—PARTIES—CAUSES OF ACTION.—A cross-complaint is a pleading by a defendant to an action, which contains a statement of facts sufficient to constitute a cause of action against the plaintiff in reference to the transaction upon which the original action is founded, or affecting property to which the original action relates.  The parties named in the cross-complaint must be parties to the original action, and the cross-complaint itself must contain all the facts necessary to constitute a cause of action in favor of the defendant and against the plaintiff in the original complaint.

ID.—CANNOT EXIST IN FAVOR OF STRANGER TO ACTION.—A cause of action existing in favor of the defendants and a stranger to the original action, and not in favor of the defendants alone, cannot be asserted by way of cross-complaint.

ID.—PLEADING IMPROPERLY DESIGNATED AS CROSS-COMPLAINT—ADMISSION OF SERVICE.—A pleading improperly designated as a cross-complaint will not be treated as such, so as to necessitate an answer thereto by the plaintiffs, merely because the plaintiffs indorsed thereon an admission of service and a consent that the pleading stand as and for the defendant's answer and cross-complaint.

PARTNERSHIP—IDENTITY OF FIRMS.—A partnership alleged to be composed of two persons, doing business under the firm name of McCormick & Lewis, and a partnership alleged to be composed of three persons, doing business under the firm name of McCormick, Lewis & Co., will not be presumed to be the same firm, in the absence of any allegation or proof of their identity.

ID.—JOINT LIABILITY OF PARTNERS.—Several persons contracting together with the same party for one and the same act are liable jointly, and not individually or separately, in the absence of any words to show that a several as well as an entire liability was intended.  Especially is this the rule as to the legal liability of partners upon their partnership·obligations.

ID.—ACTION TO ENFORCE—NECESSARY DEFENDANTS.—In an action to enforce a joint partnership liability, all the partners must be made defendants, unless they are sued collectively by their firm name, under section 388 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Castelhun & Firebaugh*, for Appellants.

*Craig & Meredith*, for Respondent.

McKEE, J.—This is an appeal from a judgment and order denying a motion for a new trial in an action brought by plaintiff against defendants, who are designated in the complaint as "John McCormick and Oscar Lewis, partners, doing business under the firm name of McCormick & Lewis," to recover a balance, which, plaintiff alleged, defendants owed and refused to pay, for fifty tons of "Montana Lump Lehigh hand-picked coal," which was delivered to them on the 1st of August, 1882, in the execution of a contract of sale previously made between them and the plaintiff, under which plaintiff shipped the coal from New York and delivered it to the defendants at San Francisco.

The pleadings in the case were not verified. The answer of the defendants contains a general denial of the allegations of the complaint, and a statement of new matter which, it is claimed, constitutes a cross-complaint.

The new matter is substantially this: That on the day of the contract of sale stated in the complaint, "these defendants, with one T. A. McCormick, as McCormick, Lewis & Co., were engaged in the business of iron founders in the city of San Francisco," and contracted with the plaintiff for fifty tons of coal "of the same quality and value as a sample then on hand," which was known as "Montana Lump Lehigh hand-picked coal," to be shipped by the plaintiff from New York and delivered to them at San Francisco, for which they agreed to pay him "$13.50 per ton and shortage not exceeding two per cent;

six dollars per ton payable on receipt of the bill of lading,
and the balance on delivery of the coal at 'ship's side' in
San Francisco."

Fifty tons of coal were shipped by the plaintiff from
New York consigned to the defendants, the bill of lading
for which was duly received, and upon receiving it,
"these defendants" paid to the plaintiff upon the ship-
ment six dollars per ton, pursuant to their agreement,
and soon afterward, on the arrival of the ship contain-
ing the coal at San Francisco, the coal was delivered to
them, and they accepted the same; but they refused to
pay for it, on the ground that it did not correspond with
the sample, "was of a grade, quality, and value inferior
to the sample," "was not worth more than six dollars
per ton," and was "wholly unfitted for use," although, it
is alleged, "they made an effort in good faith" to use it,
and *thereby* suffered damage in the sum of three hundred
dollars, aside from the three hundred dollars which they
had paid the plaintiff under the contract, for which
McCormick, Lewis & Co. ask damages against plaintiff
in the sum of three hundred dollars.

Does the matter partake of the character of a cross-
complaint? We think not. A cross-complaint is a
pleading, by a defendant to an action, which contains a
statement of facts sufficient to constitute a cause of action
against the plaintiff in reference to the transaction upon
which the original action is founded, or affecting property
to which the original action relates. (Code Civ. Proc.,
secs. 438, 442.) The parties named in the cross-complaint
must be parties to the original action, and the complaint
itself must contain all the facts necessary to constitute a
cause of action in favor of defendant and against the
plaintiff in the original complaint. (*Doyle* v. *Franklin,*
40 Cal. 110; *Collins* v. *Bartlett,* 44 Cal. 380; *Hook* v. *White,*
36 Cal. 299; *Chase* v. *Evoy,* 58 Cal. 348; *Belleau* v. *Thomp-
son,* 33 Cal. 495; *Coulthurst* v. *Coulthurst,* 58 Cal. 239.)
Here it is manifest on the face of the pleading that the

demand attempted to be asserted by way of cross-complaint existed in favor of the defendants and a stranger to the original action, and not in favor of the defendants alone.    The parties who ask for judgment against plaintiff are therefore not the parties against whom the plaintiff asks for judgment.    Defendants in the original complaint are two persons, partners, doing business under the firm name of McCormick & Lewis.    The parties in the so-called cross-complaint are three persons, partners, doing business under the firm name of McCormick, Lewis & Co.    McCormick, Lewis & Co. are not McCormick & Lewis, and cannot be legally regarded as such in the absence of allegations or proof of their identity as one and the same firm.    Besides, the transaction as set forth in the cross-complaint appears to have been not only between parties other than those named in the original complaint, but a separate and distinct transaction, in no way related to or dependent upon the transaction or contract set forth in the original complaint (Code Civ. Proc., sec. 442); therefore the new matter of the defendant's answer was wholly insufficient to constitute a cross-complaint.

It is claimed, however, that the pleading was dealt with as a cross-complaint, and that the case was tried upon that theory.

It is true that when the pleading was served on the plaintiff's attorneys they indorsed it as follows: "Service of within admitted made this second day of December, 1882, and we consent that the same be filed and stand as and for defendant's answer and cross-complaint herein."    Manifestly plaintiff's counsel "consented" that the answer might stand as a cross-complaint; yet they neither demurred nor answered to it; and notwithstanding their consent, they were not bound to answer a paper which was not a cross-complaint, and therefore required no answer.    Merely naming a pleading a cross-complaint does not make it such so as to necessitate a reply.

The court will look to the real nature of the pleading. (*Thompson* v. *Thompson* 52 Cal. 154; *Brannan* v. *Paty*, 58 Cal. 330.)

Besides, as the plaintiff did not answer the pleading, the facts stated in it, if it was a cross-complaint, were admitted, and the defendant's attorneys could have moved for judgment upon it; but they did not; they went to trial upon the only issues made by the pleadings in the case, i. e., the issues raised by the original complaint and the general denials contained in the answer and the matter set up by way of defense; and upon these issues the court adjudicated in favor of the plaintiff.

But the judgment was rendered upon a finding which shows that the defendants John McCormick and Oscar Lewis, designated in the complaint as partners doing business under the firm name of "McCormick & Lewis," were not in fact partners under that name, but that in fact they, "the defendants, with one T. A. McCormick, were partners doing business under the firm name of McCormick, Lewis & Co.," and that the persons comprising the firm of McCormick, Lewis & Co. were the parties who made the contract upon which the action was brought.

That being the fact, the contract was a joint contract, and the parties to it were necessary parties to an action upon it. The rule is well settled that several persons contracting together with the same party for one and the same act, shall be regarded as jointly, and not individually or separately liable, in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors. (Civ. Code, secs. 1430, 1431.) Especially is this the rule as to the legal liability of partners upon their partnership obligations. (Civ. Code, sec. 2442; *North Insurance Company* v. *Potter*, 63 Cal. 157; *Freeman* v. *Campbell*, 55 Cal. 197.) It is also well settled that parties to a joint contract must all be made defendants. "Of the parties to the action," the code says,

"those who are united in interest must be joined as plaintiffs or defendants." (Code Civ. Proc., sec. 382.)

The plaintiff had the right to bring his action on the joint obligation of the parties to the contract against all the parties, or against the firm name by which they collectively contracted with him. Section 388, Code Civ. Proc., provides: "When two or more persons associated in any business transact such business under a common name, . . . . they may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability." (See also Code Civ. Proc., secs. 414, 989; *Gilman* v. *Cosgrove*, 22 Cal. 358.)

But the parties to the contract were not sued. T. A. McCormick, one of the contracting parties, was not made a party to the suit, nor were they sued collectively by their firm name; therefore the plaintiff, upon his own showing, was not entitled to recover in the action set forth in his complaint. The allegations and proofs did not correspond. (*Cotes* v. *Campbell*, 3 Cal. 191; *Morrison* v. *Bradley*, 5 Cal. 503; *Farmer* v. *Cram*, 7 Cal. 136.)

The omission of proper parties in the action was sufficiently set forth in the answer of the defendants. When the court found the fact, it ought to have exercised the authority conferred by section 389, Code Civ. Proc., and required the omitted party to be brought in (*Gates* v. *Lane*, 44 Cal. 396), and plaintiff's counsel ought to have amended his complaint.

Judgment and order reversed and cause remanded, with direction to the court to allow parties to amend their pleadings.

MORRISON, C. J., MYRICK, J., and SHARPSTEIN, J., concurred.