[Civ. No. 284.   Third Appellate District.—April 25, 1907.]

R. S. MINER, Respondent, v. T. B. RICKEY, Appellant.

ACTION FOR SERVICES—AMENDMENT TO ANSWER—DISCRETION—SET
TLEMENT WITH PARTNERSHIP—REFUSAL NOT PREJUDICIAL.—In an action for services, although a proposed amendment to the answer to
set up a settlement between plaintiff and a partnership of which
defendant was a member, and payment in full, might well have
been allowed so as to present the case upon its merits, yet it cannot
be held that the court abused its discretion in refusing it, where
its action was not prejudicial, it appearing that the action was
tried upon the theory that the settlement was in issue.

ID.—INDIVIDUAL ACTION—EVIDENCE—PARTNERSHIP—JOINT OBLIGATION—
INSTRUCTION—MATERIAL VARIANCE.—In an action for services
against a defendant individually, where defendant's evidence, received without objection, tended to prove that any liability in favor
of plaintiff was against a partnership of which defendant was a
member, the defendant was entitled to an instruction that if the
jury found that the services were rendered at the request of the
defendant acting as a member of the partnership to the plaintiff's
knowledge, their verdict should be for the defendant. In such case
the obligation would be joint, and the instruction is addressed to
the question of a material variance between the complaint and the
evidence.

ID.—HEARSAY EVIDENCE—PREJUDICIAL ERROR.—It was prejudicial error
to admit hearsay evidence either to prove the value of plaintiff's
services, or to corroborate the testimony of plaintiff that he was
employed by the defendant, or to show a conversation with the register of the state land office, to excuse delay in a suit for years
that should have been dismissed on motion.

APPEAL from a judgment of the Superior Court of Mono
County.   Clark Howard, Judge.

The facts are stated in the opinion of the court.

Parker & Parker, Alfred Chartz, Charles C. Boynton, and
James F. Peck, for Appellant.

Richard S. Miner, for Respondent.

BURNETT, J.—The action was brought for legal services and was tried before a jury. The verdict was in favor of the plaintiff for the sum of $480.00. The appeal is from the judgment on a bill of exceptions.

The first point urged in the brief of appellant for reversal is based upon the ruling of the court in denying the motion to suspend the trial until the determination of another action pending in the circuit court of the United States. We understand, however, from the oral argument that appellant has abandoned this position and therefore we shall not discuss it.

Complaint is made of the refusal of the court to allow the defendant to amend his answer. The motion to amend, it is claimed, was promptly made at the close of plaintiff's case, and was based upon the testimony of plaintiff himself. By the amendment it was proposed to set up a "settlement of all the claims and demands existing between the plaintiff and Richard Kirman and T. B. Rickey as copartners, in which settlement a balance of account was struck between the plaintiff and defendant and in which settlement there was found to be due and owing from the said Richard Kirman and T. B. Rickey as copartners to the plaintiff the sum of $168.50, which said last-mentioned sum was then and there paid by defendant to the plaintiff and received by plaintiff in payment and discharge of the said balance so then found to be due by said settlement." · The pertinency of defendant's application to amend is pointed by his contention that if he incurred any liability at all to plaintiff it was solely as a. member of the firm of Kirman & Rickey, a copartnership. As often held, the power of the court should be liberally exercised in allowing amendments so as to present causes upon their merits, and yet where no abuse of discretion is shown the action of the lower court in denying a motion to amend should not be disturbed by the appellate tribunal. While the motion in the present instance might well have been granted, yet it is manifest that the ruling did not prejudice the substantial rights of the defendant, as the cause was tried upon the theory that the settlement was in issue.

The criticism by appellant of the instructions given by the court and found at folios 933 and 936 of the transcript we deem inapt and unjustifiable. We think there is no uncertainty in the expression, "all accounts prior to said settle-

ment.'' It obviously refers to all services for said firm performed by plaintiff prior to said settlement. It would not be contended that the settlement would affect any services rendered thereafter or performed *at any time* for the defendant *individually*.

Again, it is urged that the instruction defining a partnership liability and also the following should have been given to the jury: ''This is an action against T. B. Rickey individually and if the jury find from the evidence that the items sued upon in this action were rendered by plaintiff and that such services were rendered by plaintiff at the request of the defendant, who at the time of making the request was acting as one of the copartners of a copartnership composed of Richard Kirman and T. B. Rickey, and that the plaintiff knew at the time of such request that the defendant's request was made as such copartner for the copartnership, then your verdict should be for the defendant.'' To appreciate the force of this contention it should be remembered that the complaint was framed upon the theory that plaintiff was employed by and rendered services for the defendant individually. The defendant relied simply upon the denials in his answer of the material allegations of the complaint. No affirmative defense was set up except one in relation to the motion to postpone the action, which at the trial was withdrawn. The evidence introduced by plaintiff was sufficient to support his claim. Defendant's evidence, received without objection, tended to prove that whatever liability existed in favor of plaintiff was against a partnership of which the defendant and the said Richard Kirman were the members. In this state it has been held that when ''several persons contract together with the same party for one and the same act they shall be regarded as jointly and not individually or separately liable in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors. Especially is this the rule as to the legal liability of partners upon their partnership obligations.'' (*Harrison* v. *McCormick*, 69 Cal. 620, [11 Pac. 456], and cases cited.) It might be contended that where defendant claims as a defense that the obligation is joint and not separate, he should plead it affirmatively, but the obvious answer here is that it was treated as though an issue in the case. The evi-

dence of the partnership liability was received without objection, and hence defendant was entitled to the instruction to which we have referred, as it was addressed to the question of a material variance between the complaint and the evidence.

Again, hearsay testimony of a prejudicial nature was admitted over the objection of defendant. The most serious error in this respect is in relation to the testimony of one David Hays. Nearly all of his testimony was improperly admitted, but we shall refer to only a few of the questions and answers disclosed by the record. He was asked: "Were you authorized by Turner and Dobin, the plaintiffs in these actions, to employ an attorney to help in the prosecution of these cases?" He answered substantially that he was. Again: "Now state what you did do, if anything." The witness answered: "Well, I went to different persons that were practicing law to engage them to act in cases for the association." Mr. Miner: "To whom did you go?" Answer: "Well, I went to Judge Goodall . . . and Mr. Miner, the plaintiff." Q. "Now, how often did you come to me and consult me in that matter?" A. "I think I may have gone to you, one time or another, five or six times, and you stated 'I don't know as I have the right—'" Mr. Miner: "State what I said generally." A. "Employed on the other side in some of those instances of which I speak by Kirman & Rickey." Mr. Miner: "Was any amount, was any sum mentioned, that I could get, if you recollect, providing I would prosecute the land cases?" A. "Well, I suggested that you might make a few thousand dollars by serving the sheep men association, that we needed you. You said you could not take any case."

It is idle to argue the incompetency of the foregoing testimony. It is hearsay pure and simple. The effect it might have upon the jury it is easy to surmise. The plaintiff understood its significance, because he made three futile efforts to induce the trial judge to admit it, but at the fourth attempt his pertinacity and importunity were finally rewarded —but upon what ground it does not appear. Plaintiff, in the oral argument, admitted that the ruling is somewhat questionable, but suggested that the evidence might be admissible to prove the value of his services. But it is clear that it was not addressed to the issue as to the reasonable value of his services. But if it related to that matter it would still be

hearsay and inadmissible. The value of services cannot be shown by declarations of third persons not under oath. The evidence was undoubtedly offered to corroborate plaintiff's testimony as tending to increase the probability that he was employed by defendant. We cannot say, of course, what weight was attached to this testimony by the jury, but by its admission, in the somewhat turgid phraseology of appellant, "every rule of evidence was violated and the defendant's rights ruthlessly disregarded."

Mr. Joe A. Brown, another witness, was allowed also over objection to testify to a conversation with the register of the state land office, in which he stated that the "interest on school lands sometimes was not demanded for a number of years, and there couldn't only be two reasons for that; one would be that the land had not been listed to the state, and the other that there might be suits pending." This evidence was offered for the purpose of rebutting any unfavorable inference that might be drawn against plaintiff from the fact that the cases against defendant and in which plaintiff claims to have performed the services that are the basis for the present suit were allowed to remain on the calendar undisposed of for years when upon motion they could have been dismissed. The objection to this evidence likewise should have been sustained.

For the reasons stated, the judgment is reversed.

Hart, J., and Chipman, P. J., concurred.