[Civ. No. 619.   Second Appellate District.—May 24, 1909.]

## KERN COUNTY BRICK AND CONTRACT COMPANY, a Corporation, Appellant, v. JOHN P. ENGLISH, Respondent.

ACTION FOR MATERIALS SOLD—NONLIABILITY OF DEFENDANT SUED—PARTNERSHIP WITH PLAINTIFF'S AGENT — PAYMENT — SUPPORT OF FINDINGS.—In an action for materials sold and delivered, where the court found upon sufficient evidence that defendant, sued in-

dividually, did not purchase or receive or promise to pay for said materials; that plaintiff's managing agent, to plaintiff's knowledge, was a partner with defendant as contractors, that plaintiff's agent was to furnish the materials and defendant the labor, and share the profits; that the materials were furnished to the partnership through plaintiff's agent, and that they were paid for before suit, with the exception of materials returned, and that the partnership owed nothing therefor, the court upon such findings properly rendered judgment for the defendant.

Id.—Parties—Bringing in Copartner not Required.—It appearing that plaintiff's agent, as copartner, had wrongfully charged the materials against the defendant upon the plaintiff's books, and had caused the plaintiff to sue defendant individually therefor, the facts of the case take it out of the rule, that, in a proper case, where a partnership obligation is involved, the court will direct a copartner to be joined as a defendant, to avoid a mistrial.

Id.—Election by Plaintiff—Objection to Plea of Partnership.— The plaintiff having elected to sue the defendant individually, and having objected to allow the defendant to amend his answer to set up that the materials were sold to the partnership, and not to the defendant, the court will not compel the bringing in of defendant's managing agent as a partner, and to allow judgment against the partnership. The plaintiff was entitled to litigate and did litigate the question as to whether the defendant was indebted to it individually or not, which was properly found against it.

Id.—Incidental Finding—Debt of Partnership.—The finding that the debt was the debt of the partnership was merely incidental to the finding that it was not the debt of the defendant.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Rowen Irwin, for Appellant.

W. W. Kaye, for Respondent.

ALLEN, P. J.—This is an appeal from a judgment rendered in defendant's favor and against plaintiff, and from an order denying a new trial.

The action was brought by plaintiff against defendant English to recover the price and value of certain brick and other building material alleged to have been sold and delivered by

plaintiff to defendant between December, 1903, and June, 1904. Defendant denied the sale and delivery to him of said material, or that he ever agreed to pay therefor the price named or any sum.

Upon the trial of the action the court found the allegations of the complaint to be untrue and the allegations of the answer to be true. In addition to this, the court found that at the time the goods mentioned in the complaint were sold and delivered a partnership existed between the defendant and one Farnum, during the existence of which partnership said Farnum was the managing agent of the corporation plain-tiff; that the materials set out in the complaint were furnished to such partnership through Farnum, the managing agent of plaintiff, and that, without the knowledge or consent of the defendant, Farnum had wrongfully caused the materials and supplies to be charged on the books of plaintiff to the defendant; that prior to the commencement of the action the partnership had paid to plaintiff the price and value of all goods received, other than the value of certain goods returned, and that there was no sum due from said partnership to plaintiff; and judgment was accordingly rendered in defendant's favor for costs.

Upon this appeal the only question presented by the briefs relates to the sufficiency of the evidence to support the findings. The general finding that defendant English never individually purchased the materials mentioned in the complaint, received the same, nor promised to pay for the same, has ample support from the evidence. There is evidence in the record to the effect that, before the sale or delivery of any of the goods mentioned in the complaint, defendant English and Farnum engaged in the contracting business under an agreement through which Farnum was to furnish all the materials, and defendant English, who was a brick mason, was to receive six dollars a day for his labor, and that if any profits remained after the materials and labor were paid for the same should be equally divided. That Farnum, when he entered into this arrangement, was the general manager of plaintiff, and his arrangement and agreement with English was known to the president of plaintiff. It further appears that after this agreement was entered into Farnum, as such general manager, shipped from the yards of plaintiff the ma-

terials set out in the complaint to the various points where the partnership was engaged in work; that Farnum made the contracts for the work to be performed by the partnership and collected practically all the money due on account of the materials so furnished, as well as for the labor performed, defendant English collecting an amount insufficient to pay for his labor. English never ordered any of the goods or materials which were used in the contracting work, nor had he any notice or knowledge of the fact that Farnum was using plaintiff's materials in the prosecution of the work until after the supplies had been delivered and used in the work. As a fact, Farnum caused the goods supplied by him under his agreement to be charged to defendant English upon plaintiff's books, but this was all without the knowledge or consent of defendant English, who repudiated the same promptly upon information being brought home to him. If it were to be assumed that the court might in a proper case, of its own motion, direct that a member of a partnership not made a party to the action be brought in, and perhaps in some cases must do so, rather than that a mistrial may result (*Harrison* v. *McCormick,* 69 Cal. 620, [11 Pac. 456]), this is not true of a case such as we have here under consideration. The plaintiff having elected to bring its action against English as an individual, and having objected to the filing of an amendment to the answer setting up that the materials were sold to the partnership and not to English, cannot be compelled to take judgment against a partnership based upon the service of summons on English as an individual. It was entitled to and did litigate the issue presented as to whether English individually was indebted to it or not, and the court held that he was not. The finding that the debt was the debt of the partnership was but incidental to the finding that it was not the debt of English.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.