10 Cal.2d 191 (1937)
GEORGE REED et al., Petitioners,
v.
INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.
L. A. No. 16258. 
Supreme Court of California. In Bank. 
November 26, 1937.
 Jack J. Rimel and Harry C. Westover for Petitioners.
 Everett A. Corten and F. Britton McConnell for Respondents.
 LANGDON, J.
 This is a petition to review an award of the Industrial Accident Commission. The facts are simple and undisputed.
 On March 11, 1935, W. B. Mellott, a building contractor, obtained a policy of workmen's compensation insurance from Hartford Accident and Indemnity Company, for the period of one year. The insured was designated therein as "W. B. Mellott, ... Individual". Thereafter Mellott became associated with Irwin G. Gordon, another contractor, and they conducted the building contract business as "W. B. Mellott and Irwin G. Gordon, doing business as Gordon and Mellott". The policy remained unchanged. The record does not disclose whether the insurance company had knowledge of the association.
 On March 5, 1936, while the policy was in force, George Reed, an employee, sustained a compensable injury, and filed his application with the commission. The commission first decided that the insurance company was liable, but on rehearing reversed itself and gave its award against the employers alone. The employee and employers petitioned, seeking to hold the insurance company liable. In its answer, the commission admits error in the decision, but the respondent insurance company maintains that the same was correct. The position of said respondent is, in brief, that the policy insured W. B. Mellott, an individual, and not the partnership of Gordon and Mellott; that Reed was employed by the firm of Gordon and Mellott; and not by W. B. Mellott; and that consequently, the policy did not cover the injury, because Reed's employer, the partnership, was not insured. This position is unsound on principle and contrary to prior decisions in this state.
 [1] The underlying fallacy in respondent's argument is the assumption that the partnership is a distinct unit, separate from the members thereof. Occasional suggestions of this "entity" theory of partnership are found in statutes or decisions, but apart from exceptional situations, a partnership is not considered an entity, but an association of individuals. *193 (See First Nat. T. & S. Bank v. Industrial Acc. Com., 213 Cal. 322, 331 [2 PaCal.2d 347, 78 A.L.R. 1324]; 9 Cal. L. Rev. 119.) In consonance with this view, an employee of a partnership is an employee of each of the partners, and no individual partner may escape liability to such employee on the ground that only the partnership and not the individuals composing it can be held. It is immaterial whether the liability of the partners in this situation is joint and several, or joint, for even in the case of joint liability, a several judgment may be had against an individual partner by proper joinder and pleading. (See Palle v. Industrial Com., 79 Utah, 47 [7 PaCal.2d 284, 81 A.L.R. 1222]; Merchants' Nat. Bank v. Clark-Parker Co., 215 Cal. 296 [9 PaCal.2d 826, 81 A.L.R. 778].) [2] The result is that W. B. Mellott, a partner in the firm of Gordon & Mellott, was an employer of petitioner Reed, and was undoubtedly liable to Reed for workmen's compensation. Since W. B. Mellott procured insurance with respondent company to cover such liability, and paid the required premium therefor, the company must perform its obligation by paying the award.
 This conclusion is supported by two closely analogous decisions. In First Nat. T. & S. Bank v. Industrial Acc. Com., supra, Charles Hascall and S.W. Powell carried on a business as copartners under the firm name of "Hascall & Powell", and procured workmen's compensation insurance covering the employees of the business. Then Hascall bought Powell's interest and continued to conduct the business under the same name. The insurance carrier resisted liability for a compensable injury on the ground that it had insured a particular entity, the partnership. Describing this point as "a most technical one", we held that it was not a good defense for the reason, among others, that a partnership was not a legal entity (213 Cal. 331).
 In Zimmerman v. Industrial Acc. Com., 119 Cal.App. 253 [6 PaCal.2d 291], Sam Zimmerman carried a policy naming the insured as "Sam Zimmerman (an individual) doing business as Royal Paint and Wall Paper Company". He took in one Stern as partner, and they continued to do business under the same name. A compensable injury occurred, and the court followed our decision in First Nat. T. & S. Bank. v. Industrial Acc. Com., supra, holding the insurance company liable. The court pointed out that although *194 Stern, the new partner, was not covered by the policy, Zimmerman continued as an employer and "to the extent that he may be required to respond in the matter of the payment of said award, is entitled to the full protection afforded by his policy".
 There are several minor factual differences between the instant case and the cited cases, but as to the basic issue, whether change of a business from single individual to partnership, or partnership to individual, avoids liability of an insurance carrier to its named insured, they are squarely in point and are controlling.
 The award is annulled and the proceeding remanded to the commission for an award in consonance with the foregoing opinion.
 Curtis, J., Shenk, J., and Seawell, J., concurred. (Filed November 29, 1937.)
 EDMONDS, J.,
 Dissenting
 I dissent. The decision holding the insurance company liable for compensation is based upon the theory that the injured workman was the employee of W. B. Mellott, one of the partners, and not of the partnership. This theory ignores the stipulated facts concerning employment, the terms of the policy contract and specific provisions of the law under which the applicant claims.
 It was agreed that the applicant sustained an injury "while employed ... by W. B. Mellott and Irwin G. Gordon doing business as Gordon and Mellott". The claim for compensation names "W. B. Mellott and Irwin G. Gordon dba Gordon and Mellott" as the employer, and the answer thereto, expressly admitting the employment, is signed "Gordon and Mellott by W. B. Mellott". Upon the hearing the applicant testified that at the time of the accident he was working for the partnership of Gordon and Mellott and there is no evidence to the contrary. Gordon testified that he employed Reed under the name of Gordon and Mellott.
 But it is said that the partnership is not an entity and that the applicant was the employee of each of the partners. However, the Workmen's Compensation Act (Stats. 1917, p. 831) requires that the term "employer" as used in it shall be construed to include every firm and voluntary association. (Sec. 7.) This is specific statutory authority for holding *195 that a partnership may be an employer so far as the rights and liabilities arising under that act are concerned. Also, by the policy here in controversy the Hartford Accident and Indemnity Company made certain agreements with "this employer, named and described as such in the declarations", and there are provisions, added by endorsement, which apply if any member of a firm, association or co-partnership" is insured under it. As the act prohibits any change in the standard form of policy "except by indorsement thereon in accordance with a form or forms prescribed by the insurance commissioner in accordance with rules and regulations adopted by the insurance commissioner after consultation with the industrial accident commission" (sec. 31) it is clear that the endorsement was written by those charged with the administration of the compensation law to provide insurance if a copartnership is an "employer"."
 This is significant in two connections, first, as an administrative construction of the plain terms of the compensation law, and, second, as positive evidence that the policy written by the respondent insurance carrier does not include any partnership liability. The policy contract names W. B. Mellott as the employer. In the schedule of declarations which is a part of the standard form of policy issued to him the question whether the employer is an "individual, copartnership, corporation, or estate" is answered by the designation "individual". This is certainly a contract between the insurance company and an individual, with the approval of the Industrial Accident Commission, that the employer insured under it is an individual and not a copartnership, corporation or estate.
 The facts in the case are not disputed and they show that at the time the policy was written Mr. Mellott was engaged in the contracting business as an individual. He testified that when he took out the policy it was with the intention of insuring his liability as an individual and that he then had no thought of entering into any copartnership. Thereafter he and Mr. Gordon went into business together. The record does not show whether this was a continuation of the old business in which work uncompleted by Mr. Gordon was taken over by the corpartnership or an entirely new venture. No transfer of an interest in the business carried on by Mr. Mellott is shown and for all that appears the copartnership may have been formed to erect some particular building *196 or buildings, or Mr. Mellott may have continued his individual business by completing some of the work he then had in course of construction. There is no evidence that the insurance company ever knew of the partnership operations, and even had these come to its attention it might very properly have concluded that Mr. Mellott was continuing the policy as a protection against his individual liability in any personal business he was carrying on. Also, it had a right to rely on the provision that "no assignment of interest under this policy shall bind the company" without its written consent.
 The early case of Harrison v. McCormick, 69 Cal. 616, 620 [11 P. 456], announced the rule that "several persons contracting together with the same party for one and the same act, shall be regarded as jointly, and not individually or separately liable, in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors. ... Especially is this the rule as to the legal liability of partners upon their partnership obligations." This case was followed in Miner v. Rickey, 5 Cal.App. 451 [90 P. 718], which was an action against an individual for services. Although the evidence introduced by the plaintiff was sufficient to prove that the services had been rendered, it also appeared from the evidence presented by the defendant that whatever liability existed was against a partnership of which he and another were members, and a judgment for the plaintiff was reversed. Since these decisions were rendered the Uniform Partnership Act has become the law of this state (sec. 2395 et seq., Civ. Code) and has also been enacted in Utah. Construing its provisions in a compensation case, the Supreme Court of Utah held that a partner is jointly, but not jointly and severally, liable for injuries suffered by an employee of the partnership. (Palle v. Industrial Com., 79 Utah, 47 [7 PaCal.2d 284, 285, 81 A.L.R. 1222].) It seems clear, therefore, that while Mr. Mellott is jointly responsible to the applicant for compensation, his liability rests upon membership in a copartnership which was the employer. Obviously, then, he was not the employer and as the insurance company assumed only the liability of the employer, it is not responsible to the applicant.
 The case of First Nat. T. & S. Bank v. Industrial Acc. Com., 213 Cal. 322 [2 PaCal.2d 347, 78 A.L.R. 1324], was *197 decided upon an exactly opposite state of facts and is not controlling here. In that case a policy insuring against liability for workmen's compensation was issued to two individuals doing business under a firm name and described in the declaration as a copartnership. One of them dropped out of the business and the other continued it as before without making any change in the policy. Subsequently, an employee was injured and this court properly held the insurance company liable. But the situation there shown was governed by section 2557 of the Civil Code which, as it then existed, provided that "a transfer of interest by one of several partners, joint owners, or owners in common, who are jointly insured, to the others, does not avoid an insurance, even though it has been agreed that the insurance shall cease upon an alienation of the thing insured". Although the court said that "in this state a partnership is not usually considered a legal entity", this does not mean that under unusual or particular circumstances a partnership may not be so regarded.
 The case of Zimmerman v. Industrial Acc. Com., supra, presents practically the same facts as the present case but the conclusion there reached, as in the decision here, fails to recognize the rights of the insurance company under its policy. The only contract which the insurer made in this case was with W. B. Mellott, an individual. It did not agree to insure either a partnership of which Mr. Mellott might thereafter become a member, or the individual liability of Mr. Mellott as a member of such a partnership.
 The award of the Industrial Accident Commission should be affirmed.