EDMONDS, J., Dissenting
I dissent. The decision holding the insurance company liable for compensation is based upon the theory that the injured workman was the employee of W. B. Mellott, one of the partners, and not of the partnership. This theory ignores the.stipulated facts concerning employment, the terms of the policy contract and specific provisions of the law under which the applicant claims.
It was agreed that the applicant sustained an injury “while employed . . . by W. B. Mellott and Irwin G. Gordon doing business as Gordon and Mellott”. The claim for compensation names “W. B. Mellott and Irwin G. Gordon dba Gordon and Mellott ’ ’ as the employer, and the answer thereto, expressly admitting the employment, is signed “Gordon and Mellott by W. B. Mellott”. Upon the hearing the applicant testified that at the time of the accident he was working for the partnership of Gordon and Mellott and there is no evidence to the contrary. Gordon testified that he employed Reed under the name of Gordon and Mellott.
But it is said that the partnership is not an entity and that the applicant was the employee of each of the partners. However, the Workmen’s Compensation Act (Stats. 1917, p. 831) requires that the term “employer” as used in it shall be construed to include every firm and voluntary association. (See. 7.) This is specific statutory authority for holding *195 that a partnership may be an employer so far as the rights and liabilities arising under that act are concerned. Also, by the policy here in controversy the Hartford Accident and Indemnity Company made certain agreements with “this employer, named and described as such in the declarations”, and there are provisions, added by endorsement, which apply if any member of a firm, association or co-partnership” is insured under it. As the act prohibits any change in the standard form of policy “except by indorsement thereon in accordance with a form or forms prescribed by the insurance commissioner in accordance with rules and regulations adopted by the insurance commissioner after consultation with the industrial accident commission” (sec. 31) it is clear that the endorsement was written by those charged with the administration of the compensation law to provide insurance if a copartnership is an “employer”.
This is significant in two connections, first, as an administrative construction of the plain terms of the compensation law, and, second, as positive evidence that the policy written by the respondent insurance carrier does not include any partnership liability. The policy contract names W. B. Mellott as the employer. In the schedule of declarations which is a part of the standard form of policy issued to him the question whether the employer is an “individual, copartnership, corporation, or estate” is answered by the designation “individual”. This is certainly a contract between the insurance company and an individual, with the approval of the Industrial Accident Commission, that the employer insured under it is an individual and not a copartnership, corporation or estate.
The facts in the case are not disputed and they show that at the time the policy was written Mr. Mellott was engaged in the contracting business as an individual. He testified that when he took out the policy it was with the intention of insuring his liability as an individual and that he then had no thought of entering into any copartnership. Thereafter he and Mr. Gordon went into business together. The record does not show whether this was a continuation of the old business in which work uncompleted by Mr. Gordon was taken over by the copartnership or an entirely new venture. No transfer of an interest- in the business carried on by Mr. Mellott is shown and for all that appears the copartnership may have been formed to erect some particular building *196 or buildings, or Mr. Mellott may have continued his individual business by completing some of the work he then had in course of construction. There is no evidence that the insurance company ever knew of the partnership operations, and even' had these come to its attention it might very properly have concluded that Mr. Mellott was continuing the policy as a protection against his individual liability in any personal business he was carrying on. Also, it had a right to rely on the provision that “no assignment of interest under this policy shall bind the company”-without its written consent.
The early case of Harrison v. McCormick, 69 Cal. 616, 620 [11 Pac. 456], announced the rule that “several persons contracting together with the same party for one and the same act, shall be regarded as jointly, and not individually or separately liable, in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors. . . . Especially is this the rule as to the legal liability of partners upon their partnership obligations.” This ease was followed in Miner v. Rickey, 5 Cal. App. 451 [90 Pac. 718], which was an action against an individual for services. Although the evidence introduced by the plaintiff was sufficient to prove that the services had been rendered, it also appeared from the evidence presented by the defendant that whatever liability existed was against a partnership of which he and another were members, and a judgment for the plaintiff was reversed. Since these decisions were rendered the Uniform Partnership Act has become the law of this state (see. 2395 et seq., Civ. Code) and has also been enacted in Utah. Construing its provisions in a compensation case, the Supreme Court of Utah held that a partner is jointly, but not jointly and severally, liable for injuries suffered by an employee of the partnership. (Palle v. Industrial Com., 79 Utah, 47 [7 Pac. (2d) 284, 285, 81 A. L. R. 1222].) It seems clear, therefore, that while Mr. Mellott is jointly responsible to the applicant for compensation, his liability rests upon membership in a copartnership which was the employer. Obviously, then, he was not the employer and as the insurance company assumed only the liability of the employer, it is not responsible to the applicant.
The case of First Nat. T. & S. Bank v. Industrial Acc. Com., 213 Cal. 322 [2 Pac. (2d) 347, 78 A. L. R. 1324], was *197 decided upon an exactly opposite state of facts and is not controlling here. In that case a policy insuring against liability for workmen’s compensation was issued to two individuals doing business under a firm name and described in the declaration as a copartnership. One of them dropped out of the business and the other continued it as before without making any change in the policy. Subsequently, an employee was injured and this court properly held the insurance company liable. But the situation there shown was governed by section 2557 of the Civil Code which, as it then existed, provided that “a transfer of interest by one of several partners, joint owners, or owners in common, who are jointly insured, to the others, does not avoid an insurance, even though it has been agreed that the insurance shall cease upon an alienation of the thing insured”. Although the court said that “in this state a partnership is not usually considered a legal entity”, this does not mean that under unusual or particular circumstances a partnership may not be so regarded.
The case of Zimmermcm v. Industrial Acc. Com., supra, presents practically the same facts as the present case but the conclusion there reached, as in the decision here, fails to recognize the rights of the insurance company under its policy. The only contract which the insurer made in this case was with W. B. Mellott, an individual. It did not agree to insure either a partnership of which Mr. Mellott might thereafter become a member, or the individual liability of Mr. Mellott as a member of such a partnership.
The award of the Industrial Accident Commission should be affirmed.
Rehearing denied. Edmonds, J., voted for a rehearing.