[No. 4545.]

A. J. CURRY *v.* JAMES D. ROUNDTREE, GEORGE
O. McMULLEN AND OSCAR WHITE.

JUDGMENT ON JOINT DEMAND.—If several defendants are sued jointly as
  copartners, the clerk has no authority to enter a several judgment by
  default against one of them.

IDEM.—If three defendants are jointly sued on a demand against them as
  partners, the court should not enter a judgment against two of them
  only.

APPEAL from the District Court, Eighteenth Judicial Dis-
trict, County of San Bernardino.

The complaint averred that in 1869 the three defendants
formed a partnership in manufacturing wine and brandy,
to continue four years, and that it did continue four years,
and that the business was transacted in the name of defendant
White. That the plaintiff sold casks to the company, and
White gave his note on the 3d day of April, 1873, for the

balance due, to wit, six hundred and twenty-three dollars and sixty-five cents, with interest at one and a half per cent. per month. That the plaintiff did not know that Roundtree and McMullen were partners until April, 1874. The action was commenced April 22, 1874. On the 25th of June, 1874, the clerk entered the default of White, and on the 12th of October, 1874, rendered judgment against him for seven hundred and ninety-one dollars and seventy-seven cents. Roundtree and McMullen answered, denying the allegations of the complaint. The court tried the action on the issues raised by Roundtree and McMullen, and found the allegations of the complaint true, and rendered judgment against them for seven hundred and seventeen dollars and nineteen cents and costs. The defendants last named appealed.

*Henry M. Willis*, for the Appellants.

The judgment by default taken against Oscar White, was a discharge of his alleged partners, Roundtree and McMullen, and the judgment against them is void. (Freeman on Judgments, Sec. 232.)

The judgment against Roundtree and McMullen is void on its face. The court finds as a conclusion of law that the partnership, composed of O. White, Geo. O. McMullen and James D. Roundtree, are indebted to the plaintiff in the sum of seven hundred and seventeen dollars and nineteen cents, and renders its judgment against only two of the partners. The judgment should have been a joint judgment against the partners. (Parsons on Part. 108, and authorities cited in note.)

Section five hundred and seventy-nine, Code of Civil Procedure, reads: "In an action against several defendants, the court may in its discretion render judgment against one or more of them, etc., whenever a several judgment is proper."

In this action a joint judgment againt all is the only one that could have been legally rendered, assuming the partnership proved. It is not a case wherein a several judgment is properly provided for in section five hundred and seventy-nine, Code of Civil Procedure.

*John W. Satterwhite*, for the Respondent.

By the COURT:

The three defendants are sued as copartners, one of them having executed to the plaintiff, after the dissolution of the partnership, his promissory note for the amount due from the firm. A separate judgment by default was entered against the maker of the note for the amount specified in the note and interest, and the court proceeded to try the cause upon the issues raised by the answer of the other defendants. After the findings were filed a judgment was entered against these two defendants for an amount different from that for which the judgment was rendered against the other defendant. The three defendants being sued jointly, as copartners, the clerk had no authority to enter a judgment by default against one of them. (*Stearns* v. *Aguirre*, 7 Cal. 449.) The judgment against White is therefore void; and the three defendants having been jointly sued on a partnership demand, the court improperly entered a judgment against two of them alone.

Judgment and order reversed, and cause remanded for a new trial.