[Civ. No. 3459. First Appellate District, Division Two.—July 28, 1920.]

THE CREAMERY PACKAGE MFG. COMPANY (a Corporation), Respondent, v. R. F. BENNETT, Appellant.

[1] CONTRACTS—INSTALLATION OF CREAMERY MACHINERY—ACTION TO RECOVER AGREED PRICE—ALLOWANCE FOR EXTRA ITEMS.—In this action to recover the agreed price of certain machinery and labor to install the same in a certain creamery, the allowance in the judgment for the items of cheese vats, and labor for installing the same, was proper, under the omnibus clause of plaintiff's contract under which it agreed to furnish additional materials and apparatus necessary to complete the plant on a basis of cost plus ten per cent, there having been no provision in the contract restricting the items to such as had been in the plant before it was destroyed by fire, and such item having been ordered by the defendant himself.

[2] ID.—FURNISHING OF GOODS TO THIRD PARTY—SUFFICIENCY OF CONSIDERATION.—In such action, it was immaterial whether the goods were for the creamery company or for the defendant personally, where they were ordered by the latter and he agreed to pay therefor. A consideration for a contract is equally valuable whether it moves to the other party bound or to a third party.

[3] ID.—CONSTRUCTION OF WRITING—RECOVERY FOR ADDITIONAL SUPPLIES—PLEADING.—Where the entire writing embracing the offer of plaintiff to furnish and install the machinery and equipment was upon one sheet of paper folded over to form two pages and, although the signatures of the parties appeared before the portion of the writing referring to the offer of plaintiff to furnish additional supplies, the entire writing was considered by the parties as one contract and they intended to append their signatures to the contract as an entirety, plaintiff was not required to bring a separate action to recover for additional supplies furnished.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford & Bodkin for Appellant.

Adams, Adams & Binford and Jacobs & Olliver for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action for the agreed price of certain machinery and labor to install the same. The action is based upon a written contract which is set out in the complaint. This contract calls for goods to be shipped to Chowchilla Creamery, Chowchilla, California, at a price of $1,775. It also contains an agreement to pay "six dollars per day and traveling, hotel and other reasonable expenses, for an expert machinist to superintend and to assist in the setting of said machinery," etc. This contract is signed by plaintiff by its agent, and by the defendant. The contract is in a form that opens like a book, and consists of two sheets, or four pages. The first two pages contain the stipulations above set out, and the agreement is signed upon printed lines. for the signature appearing about the middle of page 2. Upon the third page, which, as stated, is formed merely by folding over in book form a single sheet of paper upon which the first two pages appear, there is a specification of the articles ordered, together with the prices of each. These items appear in a column headed: "Complete list of articles covered by attached contract; Catalogue Price List; Net Selling Price." The total of the sums charged for the respective articles is $1,775, corresponding to the amount called for by the body of the contract.

The items over which the dispute arises were furnished under the following paragraphs which appear upon this third page directly under the enumeration of the articles purchased:

"The company will furnish an experienced ice machine and creamery erecting engineer to install the above machinery and to overhaul and rebuild the complete creamery equipment, using as much of the old equipment as is possible, at the rate of $6.00 (six dollars) per day with traveling and living expenses extra.

"The company will furnish such new materials and apparatus as are necessary to complete the plant and not specified above on the basis of cost plus 10% (ten per cent).

"The company will furnish plans and specifications for the purchaser to work from in building cold storage room."

The defendant admits liability for $1,775, the agreed price of the specific machinery mentioned in the contract, together with the charge for labor in installing said machinery. The dispute is over additional items admittedly furnished by the plaintiff and installed upon the orders of Mr. Bennett, personally, or the manager of the Creamery Company, as a part of the equipment of the plant. Mr. Bennett was in touch with the situation during the entire time of the construction of the plant and does not contend that he was not aware at all times of the items of material and labor which entered into the construction of the plant, or that he made any objection thereto.

[1] The special items with reference to which a modification of the judgment is urged are cheese vats, invoiced at $210, and labor for installing the same. The argument of appellant with reference to these items is that the defendant intended merely to contract to rebuild the plant in the same manner in which it had been equipped before the fire which destroyed it; that cheese vats were not a part of the equipment of the old plant, and that, therefore, Bennett never contemplated becoming liable for such items. The record does not show the exact amount that was charged for labor in installing these cheese vats, as the labor charges were made by the day, and no record was kept of the precise time consumed with each part of the work. However, it is our opinion that under the facts in evidence here, this item is a proper one under the omnibus clause above set out under which the plaintiff agreed to furnish additional materials and apparatus necessary *to complete the plant* on a basis of cost plus ten per cent. There was no limitation restricting the items to such as had been in the plant previously. The exhibits used in the trial are not included in the record presented to us. From the testimony, however, concerning these exhibits, it appears that these special items were ordered by the defendant himself and the order was introduced in evidence in the trial court. The situation is the very simple one of an offer by the plaintiff, accepted by the defendant in placing his order. [2] The question of whether the goods were for the Chowchilla Creamery Company, or for Mr. Bennett personally, is not material. The contract calls for goods to be delivered to the Chowchilla Creamery Company, for which Mr. Bennett agrees to pay.

The offer to furnish additional items is made with reference to this contract; it is added upon the same paper therewith. And the orders were given by Mr. Bennett, personally, in many instances under this offer. It is quite immaterial under such circumstances whether Mr. Bennett desired these goods for himself personally, or for his friends or for strangers, and it is of no importance, therefore, who actually owned the controlling interest in the Chowchilla Company. The ruling of the court, therefore, refusing to admit evidence concerning these matters was proper. A consideration for a contract is equally valuable whether it move to the other party bound or to a third party.

[3] The only other contention made by the appellant is that although the defendant may have been liable for these additional items ordered and received by him upon an implied promise to pay, yet such liability arises from a new and different transaction than the one embraced in the written contract, because in the contract the signatures appear before this offer to furnish additional supplies, and the signatures conclude the contract; that, therefore, the matters appearing after the signature are no part of said contract. The precise point urged in relation to this is that the present suit is upon a written contract; that the transactions between the parties other than for the machinery at $1,775 and the price of labor for installing the same cannot be sued upon in this action, but a separate action must be brought to recover for such items.

We cannot agree with the appellant in this contention. Defendant does not maintain that the contract admitted into evidence has been changed since he signed the same. It is clear that the entire writing was considered by the parties as one contract and that they intended to append their signatures to the contract as an entirety. The third page is made a part of the document contained on the first and second page, by reference thereto in the words: "Complete list of articles covered by attached contract." The entire writing is upon but one sheet of paper folded over to form the two pages. In so far as the contract merely contains an offer by the plaintiff to furnish certain items, it is to be construed in connection with the written orders given from time to time in acceptance of this offer, which, together with the document before us, constitute the written contract.

These orders are not before us, but from the testimony appearing in the record they were before the trial court, and they were signed either by the defendant personally or by Mr. Prince, as manager of the Chowchilla Creamery. The record shows that Mr. Bennett was personally aware of all materials that went into the plant, and was personally familiar with the work of reconstruction as it proceeded. He permitted the plaintiff to furnish the various articles upon orders signed by Mr. Prince without protest, and he cannot now deny the authority of the manager to attend to some of the minor details of the ordering for him. If, as appellant contends, there was no actual agency upon the part of the manager of the company to give orders for Mr. Bennett in connection with this contract, nevertheless, as to this plaintiff, there was an ostensible agency by which defendant is bound. The record contains the testimony of the agent of the plaintiff company that the defendant told him: "Mr. Prince was the manager of the creamery company and that any changes that he suggested in restoring the plant to accede to his wishes." He also testified that Mr. Prince was constantly at the plant of the Creamery Company and apparently in charge of the same and of the construction work.

There are no other matters argued by appellant which require discussion.

The judgment is affirmed.

Brittain, J., concurred.