[Civ. No. 4291. Third Appellate District.—July 24, 1931.]

BEN YANKELEWITCH et al., Respondents, v. S. E. BEACH, Appellant.

Edward J. Queen and L. M. Cahill for Appellant.

Joseph M. Wapner for Respondent.

JAMISON, J., *pro tem.*—Respondents brought this action to recover from defendant $1323.50 upon written guaranty of appellant to pay same. Judgment went for respondents, from which appellant has appealed.

It appears from the evidence that respondents were co-partners doing business under the name of the Star Plumbing & Hardware Company, and on July 7, 1926, they entered into a contract with L. C. Adams to do the plumbing work and furnish plumbing material for the construction

of an apartment building. The contract price was fixed at $15,400, to be paid for as the work progressed, and said contract provided that in the event of failure in payments, said company, at its option, had the right to refuse to further proceed with the work.

Appellant was engaged in business as a broker, and as such secured a loan of $100,000 from the Western Loan & Building Company. He was the special agent of this company and was made trustee for the purpose of distributing this money in the construction of the said building. On October 6, 1926, respondents refused to proceed with the plumbing unless satisfactory arrangements were made regarding their payment for same. Respondents made demand on Adams for the money, but he informed them that he could not pay them, and at his request they accompanied him to appellant's office and informed him that they would not proceed with the work unless satisfactory arrangements were made for its payment. Appellant thereupon executed his written guaranty to pay them $4,495.40, of which $3,471.90 was later paid, leaving a balance of $1233.50. The said written guaranty being as follows:

"Western Loan Building Co.,
 "Los Angeles, Calif.,

"Oct. 5, 1926.

"Gentlemen: You are hereby authorized to pay to the order Star Plumbing and Hardware Co., the sum of $4,795.40 for finish material and labor furnished and used in the construction of building situated on Lot 20 and 22, Block ——, tract, Southern District, Agricultural Park, and charge same to my account, deducting the amount from the proceeds of your loan No. 16275 made to Lester Adams, out of —— payment, the work having thus far been approved. This order is irrevocable. L. C. Adams, owner and builder. L. C. Adams, architect, contractor. Accepted, and payment to be made (date after final inspection of plumbing inspector. I guarantee payment to Star Plumbing & Hardware Co.

"S. E. BLACK."

Appellant contends that the words, "I guarantee payment to Star Plumbing & Hardware Co." were placed in said writing after appellant signed. There is, on the contrary, substantial evidence to the effect that these words

were written in said instrument in his presence and before he signed it.

 Appellant also claims that in December, 1926, respondents entered into an agreement with other creditors of Adams, by which they agreed to accept reimbursement for all money owing them by Adams, out of funds and property that had been turned over by Adams to a committee of the creditors. That by signing this agreement respondents exonerated him from any guaranty he may have made. However, it appears that prior to signing said agreement appellant had furnished respondents with a written statement signed by him, to the effect that by signing the said agreement, respondents did not waive any right accruing to them from said guaranty.

From the committee to whom the funds and property of Adams were turned over, respondents received $500, which was credited upon said guaranteed claims.

 The next contention of appellant is that the said guaranty was without consideration. It is not necessary to the existence of a good consideration that a benefit should be conferred upon the promisor. It is enough that prejudice be suffered, or agreed to be suffered by the promisee. (Sec. 1605, Civ. Code; *Bacon* v. *Grosse,* 165 Cal. 481 [132 Pac. 1027].) Where services were performed for the benefit of a third party, in reliance that defendant would pay therefor, and defendant directly promised to pay, an original contract was thereby constituted with a sufficient consideration for its support. (*Meyers* v. *McKillop,* 37 Cal. App. 144 [173 Pac. 773].) The words "guaranty" or "guarantee" do not always import a contract of guaranty. These words are often used in the sense of promise or agreement importing an original obligation on the part of a person executing such contract. (*Meyer* v. *Moore,* 72 Cal. App. 367 [237 Pac. 550]; *Ackley* v. *Prime,* 99 Cal. App. 534 [278 Pac. 932].)

 Respondents were unwilling to continue work on the building unless some satisfactory arrangements were made by which they would be assured of payments for same. They so notified Adams. He informed them that he had no money with which he could pay them, and at his request they accompanied him to appellant's office, and laid the matter before appellant. He was the agent of the financ-

ing company that had furnished the funds for constructing the building, and had charge of these funds. He told respondents to go ahead with the work, and that he would pay them for it, and thereupon signed the guaranty. When the circumstances leading up to the making of this guaranty are considered, the conclusion follows that the so-called guaranty of the appellant was an original undertaking on his part, and is supported by a sufficient consideration.

Appellant filed a counterclaim in which he alleged that Ben Yankelewitch, one of the respondents, entered into an agreement in writing with appellant, by the terms of which they mutually agreed that for all sums paid out by appellant for and on behalf of L. C. Adams, said respondents would reimburse appellant to the extent of one-half thereof, and that appellant had paid out on said agreement in excess of $10,000, and therefore said respondents became and are indebted to him in the sum of $5,000.

In support of his counterclaim the appellant offered in evidence a bond executed by the said Adams as principal, with himself and the said Ben Yankelewitch as sureties. This bond set forth that the said Adams had applied to said company for a loan of $100,000 for the construction of the aforesaid apartment building, and provided that said Adams should keep said building free and clear of all liens of laborers, materialmen, and others. Appellant testified that as such surety he had paid over $10,000 and that therefore, respondent Ben Yankelewitch, as his cosurety, owed him $5,000. Appellant is contradicted in his testimony by his son, W. E. Beach, who testified on cross-examination that appellant had never paid anything to the laborers, materialmen or others who furnished labor or material in the construction of said building, from his personal funds. However, it appears that this is an attempt to set off the individual debt of a partner, against an action upon a claim owing to the partnership.

Section 438 of the Code of Civil Procedure provides: "The counterclaim mentioned in section 437 must tend to diminish or defeat the plaintiff's recovery, and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action."

In this state the common-law rule has been expressly enacted by section 2442 of the Civil Code, which declares

the liability of a copartner to be joint. Under the facts of this case a separate judgment could not be had against only one of the partners. (*Miner* v. *Rickey*, 5 Cal. App. 451 [90 Pac. 718]; *Harrison* v. *McCormick*, 69 Cal. 616 [11 Pac. 456].)

In an action on a partnership demand the defendant cannot set off an individual debt from one of the partners. (*McNutt* v. *Hannon*, 183 Cal. 537 [191 Pac. 1108]; *Flynn* v. *Seale*, 2 Cal. App. 665 [84 Pac. 263]; 24 R. C. L. 869.) A claim against one partner is not a good counterclaim in an action upon a claim due the firm. (25 Am. & Eng. Ency. of Law, 578.)

We find no errors justifying a reversal of this case.

The judgment is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.