[Civ. No. 10940.   Second Appellate District, Division Two.—April 29, 1936.]

NAOMI ROBERTS, Appellant, v. HAROLD W. AIKIN, Respondent.

Craig & Weller and Charles A. Deffebach for Appellant.

Max Lewis and Laurence M. Weinberg for Respondent.

GOULD, J., *pro tem.*—Plaintiff executed her promissory note secured by deed of trust payable to defendant.  In this action she attempted to have the instruments canceled upon the grounds that they were executed by her entirely without consideration and that they were obtained by means of duress.  Testimony developed a situation where one Perkins, purchasing certain equipment from a corporation of

which defendant was president, sold the same to a third party. When Perkins, not having paid in full for said equipment, could not deliver a bill of sale, threats against him were made by the third party purchaser, and in this dilemma Perkins appealed to plaintiff, who gave her note and deed of trust to defendant, who in turn guaranteed Perkins' obligation to his vendor, which in turn gave Perkins a bill of sale; so that Perkins was thus enabled to give his vendee a satisfactory bill of sale. While there was evidence that Perkins' vendee made threats to place Perkins in jail if he did not procure a bill of sale, there is no claim that defendant made any such threat or that any threat of any kind was made with respect to plaintiff, or even in her presence. Her entire knowledge as to the alleged duress was communicated to her by Perkins. Judgment went for defendant and plaintiff appeals.

■ There was no merit in plaintiff's original action and there is no merit in this appeal. Recital of the above facts discloses ample consideration for the note and deed of trust. A benefit moving to a third party instead of to the promisor is a valuable consideration. (*Yankelewitch* v. *Beach,* 115 Cal. App. 629 [2 Pac. (2d) 498].) ■ No duress can arise from the facts shown herein, where plaintiff's acts were done at the request, not of defendant but of the third party, Perkins, who was a mere friend of plaintiff and upon whom it is alleged the duress was exercised. (Civ. Code, sec. 1569, subd. 1.) The trial court's findings that there was consideration for the note and that there was no duress are binding upon this court unless there is an absence of any substantial evidence to sustain them. Appellant makes no such claim.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.