[Civ. No. 2009. Fourth Appellate District.—June 17, 1937.]

SECURITY TRUST & SAVINGS BANK OF SAN DIEGO (a Corporation), Respondent, v. F. V. BROWN, Appellant.

Arthur F. H. Wright for Appellant.

Lindley & Higgins for Respondent.

MARKS, J.—This is an appeal from a judgment upon a promissory note signed by Joe Stubbs, Jr., and F. V. Brown,

payable to plaintiff. The sole ground urged by Brown for a reversal of the judgment against him is lack of consideration on his part.

In December, 1932, F. V. Brown purchased from Joe Stubbs, Jr., stock in the Stubbs Motor Corporation. On December 12, 1932, Brown executed and delivered to Stubbs his promissory note in the principal sum of $6,265.75, payable December 12, 1933, and secured by a pledge of stock in the Stubbs Motor Corporation. Early in 1933 Stubbs was indebted to plaintiff in the sum of about $3,340. He pledged the Brown note and Stubbs Motor Corporation stock as collateral security for his note. About August 12, 1933, Brown desired to pay his note and secure possession of the pledged stock. After some negotiations the following transaction was consummated on August 17, 1933: Stubbs and Brown executed a joint note in the sum of $3,340, which replaced the former note of Stubbs secured by the collateral already mentioned. Brown paid the full amount of principal and accrued interest on his promissory note and received the note and stock. The amount paid by Brown was deposited to Stubbs' account and by him withdrawn. The note was renewed about seven times by Brown and Stubbs before this suit was filed.

A mere statement of the foregoing facts demonstrates that Brown received ample consideration for his signature of the Stubbs note on August 17, 1933. By paying his note before maturity he saved almost four months' interest and received immediate possession of the pledged corporate stock. He secured an additional period of credit for Stubbs. Plaintiff surrendered collateral held by it and substituted the unsecured note of Stubbs and Brown for the secured note of Stubbs. It also extended the Stubbs loan. Such facts have always been held sufficient consideration to support the promise of an accommodation maker of a promissory note. (Sec. 1605, Civ. Code; *Humboldt Sav. & L. Soc.* v. *Dowd,* 137 Cal. 408 [70 Pac. 274]; *Creamery Package Mfg. Co.* v. *Bennett,* 48 Cal. App. 706 [192 Pac. 328]; *Yankelewitch* v. *Beach,* 115 Cal. App. 629 [2 Pac. (2d) 498].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 16, 1937.