[Civ. No. 4579.   Fourth Dist.   Aug. 13, 1953.]

PAUL MIRABILE, Respondent, v. PHILIP SMITH, as Judge of Municipal Court, etc., Appellant.

686

Ruel Liggett, Roy M. Cleator and E. C. Davis for Appellant.

Frank Pomeranz for Respondent.

GRIFFIN, J.—The writ was directed to appellant, as judge of the municipal court, prohibiting him from proceeding further against Paul Mirabile, the defaulting defendant in a municipal court action (and who is the petitioner and respondent in the instant proceding) until such time as the issues raised by the answers of other defendants in the municipal court action, who appeared by answer, are adjudicated.

The facts are that one Steiner, as an assignee for collection, brought an action in the municipal court upon a contract for the sale and delivery of matches to be delivered at stated intervals. A money judgment is sought against Mirabile,

Sherman and Louise Haynes, and others doing business as Sherman's Dine and Dance. The contract of purchase was signed "Sherman's, By Sherman Haynes." The municipal court complaint alleged, upon information and belief, that defendants were copartners and that Sherman Haynes acted for the others in signing the contract; that the amount sued for had accrued and was unpaid.

The Hayneses filed an answer denying generally the allegations of the complaint and alleged payment of the amount claimed due for all materials delivered pursuant to the contract. On August 3, 1950, Mirabile was served with process but failed to answer. At Steiner's request Mirabile's default was taken and the clerk entered judgment by default against him. Petitioner had no knowledge that such a judgment had been entered until March 16, 1951, when Steiner obtained a writ of execution and caused same to be levied on the petitioner's bank account. No further proceedings were taken in reference to bringing the action to trial against the other answering defendants. On September 5, 1951, petitioner, as plaintiff brought an action in the superior court against Steiner to recover the funds obtained by the writ, and to restrain him from enforcing the default judgment. On January 9, 1952, that court declared the municipal court default judgment void and vacated it because it was a judgment that could not be entered by the clerk. On June 18, 1952, the respondent judge made an order setting aside that judgment but specifically provided that it did not apply to the default. Petitioner requested the respondent judge to make an order staying all proceedings in the Municipal Court action against him until a trial was had on the issues raised by the Haynes' answer. A similar answer to that made by the Hayneses was proffered by Mirabile. The request was denied. On June 19, 1952, this petition for a writ of prohibition was filed in which it was asked that the municipal judge refrain from entering a default judgment against the petitioner until the issues raised by the answering defendants had been determined. After a hearing the petition was granted. The respondent judge appealed and maintains that the principal point raised is: "Where one of two or more defendants, both or all of whom are asserted in the complaint to be severally liable, are sued and are served with process and one of them defaults, the others answering, the defaulting defendant has waived his right to insist upon a

stay of proceedings until the action is tried as to his codefendants.''

Section 579 of the Code of Civil Procedure provides:

''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a *several* judgment is proper.'' (Italics ours.)

*Trans-Pacific Trading Co.* v. *Patsy Frock & Romper Co.*, 189 Cal. 509 [209 P. 357], being a suit on a stockholder's liability, holds that this is proper whenever a *several judgment* is authorized.

In *Lynch* v. *Bencini*, 17 Cal.2d 521 [110 P.2d 662], at the time the appellant there defaulted, another defendant had appeared and the action was still pending against him on what, in a real sense, was the same obligation. The court there held, under somewhat similar circumstances to those in the instant case, that the clerk had no power to enter a judgment by default in such a case, and said, at pages 529-530:

''It was, in fact, a case in which the matter (of entering judgment by default by the court) should have been held in abeyance until it was also decided against Gray, although the judgment, when finally determined upon, would be equally applicable against both of these defendants.''

There are certain cases where default judgments were taken against defaulting defendants who were claimed to be *jointly and severally* liable with the answering defendants. There, however, they set up independent defenses *not involving the defaulting defendants.* Under such circumstances the courts held that a separate judgment against such defaulting defendants may be entered before the issue is tried as to the appearing defendants. (*Bailey Loan Co.* v. *Hall,* 110 Cal. 490 [42 P. 962], and cases cited.) To the same effect is *Cole* v. *Roebling Const. Co.,* 156 Cal. 443, 445 [105 P. 255], as applied to joint tortfeasors. In *Curry* v. *Roundtree,* 51 Cal. 184, and *Harrison* v. *McCormick,* 69 Cal. 616 [11 P. 456], it was held that a different rule seems to apply in actions against several copartners alleged to be jointly liable on a partnership contract. In the Harrison case it is said, quoting from the syllabus:

''Several person contracting together with the same party for one and the same act are liable jointly, and not individually or separately, in the absence of any words to show that a several as well as an entire liability was intended.

Especially is this the rule as to the legal liability of partners upon their partnership obligations.''

Under section 1431 of the Civil Code an obligation imposed upon several persons, or a right created in favor of several persons, is presumed to be joint, and not several, subject to certain exceptions. This rule has been held to be especially applicable to the legal liability of partners upon partnership obligations. (6 Cal.Jur., p. 342, § 204, and cases cited.) The common-law rule that the liabilities of a partnership are joint has been expressly adopted into the code. (Former Civ. Code, § 2442; Corp. Code, § 15015; *Iwanaga* v. *Hagopian*, 39 Cal.App. 584 [179 P. 523]; *Berringer* v. *Krueger*, 69 Cal.App. 711 [232 P. 467]; *Yankelewitch* v. *Beach*, 115 Cal.App. 629 [2 P.2d 498].) The judgment sought to be obtained in the present action is a *joint*, and not a *several* judgment, predicated upon a claimed partnership or joint venture liability.

In the instant action, if the defense presented by the appearing defendants is sustained, no judgment could or should be entered against this defaulting defendant. (*Plott* v. *York*, 33 Cal.App.2d 460 [91 P.2d 924]; *Nicholls* v. *Anders*, 13 Cal.App.2d 440 [56 P.2d 1289]; *Lynch* v. *Bencini, supra; Minehan* v. *Silveria*, 11 Cal.App.2d 266 [53 P.2d 770].)

Under the circumstances here related a grave injustice would result if the municipal court proceeded to enter judgment against petitioner, as contemplated, and the other answering defendants established that the debt had been paid. For every wrong there should be a remedy, and no good reason appears why the perpetration of such a wrong could not and should not be prevented by this proceeding. The trial judge should be prevented from entering such a judgment until the determination of the action on its merits insofar as it affects petitioner's liability as a member of the partnership.

The further contention is made that there is no sufficient showing of threatened action in excess of the court's jurisdiction; that petitioner had a plain, speedy and adequate remedy by appeal, if such a judgment should be entered before the issues were presented as to the partnership's liability and claim of payment of the debt, and that the action for the writ should have named the municipal court as a party defendant and not a particular judge thereof.

The term ''jurisdiction'' has many different meanings, depending on the situation in respect to which it is used.

■ The phrase "lack of jurisdiction" may apply to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" or power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. ■ It is apparent here that no adequate relief could be obtained by an appeal from such a default judgment where Mirabile was deprived of showing, as indicated by his proffered answer, that the debt sued upon had been paid. Under such conditions such a writ may issue. (*A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 P. 926]; *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460 [171 P.2d 8]; *Fortenbury* v. *Superior Court,* 16 Cal.2d. 405 [106 P.2d 411].)

The action was brought against the judge who was about to act, and no prejudice resulted because the writ was directed to him.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied September 4, 1953, and appellant's petition for a hearing by the Supreme Court was denied October 8, 1953. Carter, J., was of the opinion that the petition should be granted.