Filed 5/13/14  Kim v. Kim CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HYUNG CHUL KIM, | B245296 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC467489) |
| v. | |
| JAMES KIM et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Amy D. Hogue, Judge.  Affirmed.

Peter Beck for Plaintiff and Appellant.

James Kim, in pro. per., for Defendant and Respondent James Kim.

No appearance for Defendant and Respondent Sunset Cellular, Inc.

_____

Hyung Chul Kim (appellant) sued James Kim and Sunset Cellular, Inc. (Sunset Cellular), alleging causes of action under the Labor Code for failure to pay overtime compensation and other wages. Following a bench trial, the court found appellant was an independent contractor, rather than an employee, and he was not entitled to relief under the Labor Code. The court entered judgment in favor of James Kim and Sunset Cellular.[1] We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The record in this appeal consists of a clerk's transcript, which contains the case summary, a minute order and proposed judgment, appellant's posttrial brief, and the trial court's statement of decision. There is no reporter's transcript. There is also no complaint or answer. Our summary of facts is taken from the statement of decision. (*Loshonkohl v. Kinder* (2003) 109 Cal.App.4th 510, 512.) We review the record in the light most favorable to the judgment and resolve all evidentiary conflicts in favor of the prevailing party. (*Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 744.)

Appellant and Kim had been friends since childhood. When appellant came to the United States in 2009, he asked Kim for a job. Kim owns Sunset Cellular. Kim agreed to pay appellant $1,500 or $2,000 per month to run errands or pick up merchandise for Sunset Cellular. Appellant used his own car to complete these tasks. He was paid in cash. Appellant "came and went as he pleased," and took vacations or days off when he wished, without needing or seeking Kim's permission.

---

[1] James Kim is in propria persona before this court. His respondent's brief purports to be on behalf of himself and Sunset Cellular. However, a corporation may not appear in propria persona, or through an officer or agent that is not an attorney. (*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101.) We therefore consider the respondent's brief on behalf of Kim only; Sunset Cellular has not entered a valid appearance in this court.

To avoid confusion, we refer to H.C. Kim as appellant, and to James Kim as Kim.

2

In 2011, appellant filed a complaint against Kim and Sunset Cellular. He alleged violations of Labor Code sections 510 and 1194 (overtime compensation); 226.7 (meal periods); 226 and 226.3 (failure to furnish wage and hour statements); and 201 and 203 (waiting time penalties). He also asserted a claim for unfair competition under Business and Professions Code section 17200. At a bench trial, Sunset Cellular was not represented by counsel; Kim represented himself. The court struck Sunset Cellular's answer.[2]

Appellant and Kim testified at trial. The court subsequently summarized the proceedings in a statement of decision:

"At trial, Defendant Kim's testimony contradicted Plaintiff H.C. Kim's testimony on the question whether H.C. Kim was an employee or an independent contractor. Neither side called any witness to corroborate his testimony leaving the court to decide a credibility contest with very little third party or documentary evidence to assist the court. Since either side could have called or subpoenaed percipient witnesses but failed to do so, the court faults both sides with the failure to provide stronger evidence in the case. [¶] It was obvious, at trial, that James Kim and H.C. Kim bear a grudge against one another and that there are very hard feelings on both sides. Although the animosity between the parties – who had been friends for 40 years – did not seem to be proportionate to the dispute presented to the court, neither side provided evidence of any other basis for the breakdown in their relationship. [¶] Overall, the court found Mr. James Kim to be more credible [than] H.C. Kim. . . . As noted below, the court's determination that James Kim was the more credible witness tips the court's findings in favor of James Kim on several key points."

---

[2]     The court's statement of decision indicated it heard evidence from appellant as a "prove-up of his claims against the corporation."

The court evaluated the evidence relevant to several factors courts may consider to determine whether a person is an employee or an independent contractor under California law. The court concluded appellant was an independent contractor, and this finding was fatal to all of his claims. This appeal followed.[3]

## DISCUSSION

**I.     The Trial Court Did Not Err in Dismissing the Case Against Sunset Cellular**

Appellant first contends the trial court erred with respect to Sunset Cellular because the issue as to the company was simply a default prove up, and plaintiff was only required to establish a prima facie case of damages. We find no error. Although Sunset Cellular was in default at the time of trial, it was still entitled to judgment in its favor if the evidence in the trial of claims against Kim established appellant could not make out his claims against either defendant. "The rule is definitely established that where there are two or more defendants and the liability of one is dependent upon that of the other the default of one of them does not preclude his having the benefit of his codefendants establishing, after a contested hearing, the nonexistence of the controlling fact; in such case the defaulting defendant is entitled to have judgment in his favor along with the successful contesting defendant." (*Adams Mfg. & Engineering Co. v. Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, 655 (*Adams Mfg.*); *Mirabile v. Smith* (1953) 119 Cal.App.2d 685, 689 [where there is only joint liability alleged, and appearing defendant raises a defense that would exonerate all defendants, no default judgment may be entered against a defaulting defendant].)

Trial proceeded against Kim individually. As we understand appellant's argument, he contends that because Sunset Cellular was in default at the time of trial, and because the court indicated it would combine the trial of appellant's claims against Kim

---

**3**     On September 18, 2012, the trial court issued an unsigned statement of decision and a proposed, unsigned judgment. Appellant filed a notice of appeal. After notifying the parties of the absence of an entered judgment, we dismissed the appeal as premature. Appellant subsequently secured a final judgment, and filed a motion to stay the remittitur. We treated the motion as one to recall the remittitur and reinstated the appeal.

4

and a default prove-up hearing against Sunset Cellular, the trial court erred in applying a preponderance of the evidence standard, allowing Kim to testify "on behalf of the corporation," and allowing cross-examination of appellant. However, appellant pursued claims against Kim individually, and Kim was entitled to defend himself against those claims. The record does not indicate what range of theories appellant pursued at trial against Kim individually.[4] But a judgment is presumed correct on appeal; error must be affirmatively shown. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.) Thus, we presume, as we must, that the trial court properly admitted and considered evidence regarding the existence of an employer-employee relationship between appellant and Kim.[5] The nonexistence of that relationship was fatal to appellant's claims against both defendants. As a result, the trial court properly entered judgment in favor of Sunset Cellular, as well as Kim. (*Adams Mfg., supra,* 184 Cal.App.4th at pp. 655-656.) We have no basis to conclude the trial court allowed Kim to represent Sunset Cellular, or otherwise allowed Sunset Cellular to mount a defense against appellant's claims at trial. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563 [unless otherwise shown it is presumed the court followed the law].)

## II. The Incomplete Record is Fatal to Appellant's Contention that Kim Failed to Prove Appellant Was an Independent Contractor

Appellant asserts Kim did not meet his burden to prove appellant was an independent contractor rather than an employee. This is essentially an argument that there was insufficient evidence to support the trial court's findings. (See *Cristler v. Express Messenger Systems, Inc.* (2009) 171 Cal.App.4th 72, 78 [substantive determination of employee or independent contractor is one of fact and must be affirmed

---

[4]    The record does not include a copy of the complaint. Thus, it is unclear if, for example, appellant pursued a theory of alter ego liability as a means to hold Kim liable for Sunset Cellular's actions or omissions. (*Doney v. TRW, Inc.* (1995) 33 Cal.App.4th 245, 249 [alter ego is essentially a theory of vicarious liability].)

[5]    In the end, the court concluded Kim could not be held personally liable for any wages owed to appellant.

if supported by substantial evidence].) However, "[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*), italics in original.)

Appellant selectively cites some of the trial court's findings, apparently in an effort to argue those findings compelled a conclusion that appellant was an employee, rather than an independent contractor. Yet, appellant's briefing notably omits the trial court's other findings, which supported its ultimate decision. Appellant further ignores that the court properly engaged in a weighing process, and gave more weight to some factors than others. On appeal, we do not reweigh the evidence, make our own factual inferences that contradict those of the trial court, or second guess the trial court's credibility determinations. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)

In the absence of a reporter's transcript or agreed or settled statement, it is conclusively presumed that substantial evidence supported the trial court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) It is the appellant's burden to present an adequate record for review. Appellant has failed to do so here. We presume the unreported trial testimony would demonstrate the absence of error. (*Fain, supra,* 75 Cal.App.4th at p. 992.) Since appellant's only argument is that Kim did not offer up sufficient evidence to support the trial court's independent contractor finding, we must affirm the judgment. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

6

## DISPOSITION

The judgment is affirmed.  Respondent Kim shall recover his costs on appeal.


                                          BIGELOW, P.J.

We concur:


FLIER, J.


KUSSMAN, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.