Filed 9/25/14 Munoz v. Ruiz CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LUIS C. MUNOZ,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ALEXANDER RUIZ et al.,<br><br>        Defendants and Respondents. | B251883<br><br>(Los Angeles County<br>Super. Ct. No. BC456601) |

        APPEAL from an order of the Superior Court of Los Angeles. Teresa Sanchez-Gordon, Judge. Affirmed.

        Bert V. Anthony for Plaintiff and Appellant.

        Peter S. Park for Defendants and Respondents.

————————————————

Plaintiff Luis C. Munoz appeals from the trial court's order denying his motion to vacate the order denying his request for entry of judgment against defendant RCH Broadcasting, Inc. (RCH). We affirm.

## BACKGROUND

In March 2011, Munoz filed this action against defendants Alexander Ruiz and Patty La Valle, seeking repayment of a debt in the amount of $35,710.70. Ruiz answered the complaint in April 2011. In August 2011, Munoz amended his complaint by substituting RCH for a fictitiously named doe defendant. On September 20, 2011, Munoz personally served the amendment to the complaint on Ruiz, as the registered agent for service of process of RCH, in North Carolina.

RCH did not answer the complaint. On December 22, 2011, Munoz filed a request for entry of default against RCH. Apparently the clerk entered the default the same day.

According to a notice of ruling filed by Munoz on August 27, 2012, on August 23, 2012, the trial court granted a motion by Ruiz and RCH's counsel to be relieved as attorney of record in this case. The court further ordered Munoz "to proceed with the default of the corporation" (RCH). The court also set the trial and an order to show cause regarding default for October 29, 2012.

On August 30, 2012, Munoz submitted to the trial court a request for clerk's judgment against RCH, which the court rejected on September 5, 2012. The rejection notice indicates the clerk could not enter judgment because the doe defendants had not been disposed of and an answer had been filed in the case. The clerk instructed Munoz to submit a request for court judgment.

On September 14, 2012, Munoz submitted to the trial court a request for court judgment against RCH, which the court rejected on October 2, 2012. The rejection notice indicates Munoz failed to complete the sections of the request form listing the name of the defendant against whom Munoz sought judgment and the dollar amount of

2

the judgment. On October 15, 2012, Munoz submitted to the trial court a request for court judgment with those sections of the form completed.[1]

On October 29, 2012, a court trial was held on Munoz's complaint against Ruiz.[2] According to the minute order issued the day of trial, Munoz testified on his own behalf, called Ruiz as a witness, and introduced exhibits. Ruiz called three witnesses and introduced exhibits in his defense. The "[c]ause [was] argued" and the "[t]he matter [was] taken under submission." The minute order indicates the case was set that day both for trial and for an order to show cause regarding default judgment against RCH. The minute order does not include any other discussion regarding proceedings on the order to show cause. The record on appeal does not include a reporter's transcript of any proceedings in this case.

On November 14, 2012, the trial court issued a minute order on the submitted matter, stating in pertinent part: "The Court orders Judgment entered in favor of Defendant Alexander Ruiz, et al. and against Plaintiff Luis C. Munoz." On January 16, 2013, the court issued another minute order, stating: "The Request for Entry of Default Judgment pursuant to Code of Civil Procedure Section 585 is DENIED. Judgment for Alexander Ruiz exonerates the Corporation" (RCH).

On or about February 4, 2013, Munoz filed a request for statement of decision "as to the proceedings with respect to the Order to Show Cause re Default Judgment as to Defendant, RCH Broadcasting, Inc. on October 29, 2012, and as to the factual basis for the denial of the Default Judgment as to Defendant, RCH Broadcasting, Inc." On February 6, 2012, the trial court issued a minute order denying the request for statement of decision (without listing reasons for its ruling).

---

[1] See page 4, *infra*, for Munoz's representations regarding additional events surrounding this request for judgment.

[2] On or about September 25, 2012, Munoz submitted to the trial court a request for dismissal of the complaint as to defendant La Valle.

On May 10, 2013, Munoz filed a motion under Code of Civil Procedure section 473, subdivision (b), seeking an order clarifying, modifying or vacating the January 16, 2013 order denying his request for judgment against RCH. The motion states, in pertinent part: "On the date of the trial, October 29, 2012, the Court did not hold an Order to Show Cause as to the Defendant, RCH Broadcasting, Inc. The attorney representing Plaintiff believed that the Court had already processed the Request for Court Judgment and therefore, the OSC was not necessary. The Court did not make any reference as to Defendant, RCH Broadcasting, Inc., at the trial on that date. There was no trial transcript reflecting that the Court and counsel for either side made any reference to the OSC re Default Judgment re RCH Broadcasting, Inc., in fact, there was neither a reporter, nor an electronic recording made." Munoz represented, when the trial court rejected his request for judgment on grounds he had not completed all relevant sections of the form, "Plaintiff's attorney noted that the Court had signed the form despite the reject notice. He redrafted the form, requesting a Request for Court Judgment and resubmitted the form." The version of the form allegedly signed by the court is not part of the record on appeal.

In the motion to vacate, Munoz argued he "did not have the opportunity to examine the Defendant, RUIZ, as to his defenses which were based upon irregular, all-inclusive, sensational claims of breaches of contract and equity to differentiate RUIZ's defenses from those of defaulting Defendant, RCH, who . . . is deemed to have admitted the allegations of the Complaint. [¶] By denying Plaintiff the opportunity to examine Defendant RUIZ as to his defenses, which apparently were deemed to apply to Defendant RCH for the purpose of exonerating the latter as a joint Defendant, the Plaintiff was denied his due process right, first of all to know that the Court had, in fact, adopted Defendant RUIZ's defenses in the same light as those of defaulting Defendant RCH's defenses, and secondly, of the right to examine Defendant RUIZ as to his own relationship to Defendant RCH; his relationship to Defendant RCH with respect to the defenses alleged on Defendant RUIZ's behalf, and any other relevant or germane issues." Citing *Mirabile v. Smith* (1953) 119 Cal.App.2d 685, Munoz asserted the trial court had

4

discretion under Code of Civil Procedure section 579 to enter judgment against RCH because Ruiz and RCH were severally liable to Munoz.

As set forth in a notice of ruling filed by Munoz on August 22, 2013, on August 7, 2013, the trial court heard argument from Munoz on his motion to clarify, modify or vacate the January 16, 2013 order denying his request for judgment against RCH. The trial court ruled: "The motion is granted, in part, modified *nun[c] pro tunc* to replace 'pursuant to *Code of Civil Procedure* § 585' with [']pursuant to *Mirabile v. Smith* (1953) 119 Cal.App.2d 685, 689.' Judgment in favor of defendant."[3]

## DISCUSSION

In *Mirabile v. Smith*, *supra*, 119 Cal.App.2d 685, the Court of Appeal concluded "no judgment could or should be entered against th[e] defaulting defendant" because the "judgment sought to be obtained in the . . . action [was] a *joint*, and not a *several* judgment" and "a grave injustice would result if the municipal court proceeded to enter judgment against [the defaulting defendant], as contemplated, and the other answering defendants established that the debt had been paid." (*Id*. at p. 689.)

Munoz argues the trial court erred in applying *Mirabile v. Smith*, *supra*, to the facts of this case. He contends the court should have entered judgment against RCH under Code of Civil Procedure section 579, which states: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." Munoz asserts the judgment he sought against RCH was a several judgment and not a joint judgment.

Based on the evidence presented at the trial against Ruiz—none of which is included in the record on appeal—the trial court concluded no money was owed to Munoz on the debt alleged in the complaint. Thus, the court declined to enter judgment in favor of Munoz against any defendant. We have no cause to disturb the trial court's

---

[3] The trial court's August 7, 2013 minute order is not included in the record on appeal.

5

decision.  Munoz presented no evidence in connection with his motion to vacate indicating the rationale of *Mirabile v. Smith*, *supra*, should not apply to the facts and circumstances of his dispute with the defendants in this case.  The record on appeal does not even disclose the facts and circumstances of the parties' monetary dispute.  Munoz has not demonstrated he could have presented evidence which would have established judgment in favor of RCH was proper.

On appeal we presume the trial court's order is correct.  "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Munoz has not shown error.

## DISPOSITION

The judgment is affirmed.  Respondent RCH is entitled to recover costs on appeal.
NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.