Filed 11/16/23  Kort v. Hectram CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| NASSER KORT, | B328391 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV30116) |
| v. | |
| HECTRAM, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James A. Kaddo, Judge.  Affirmed.

Innabi Law Group, Amer Innabi, Abdalla J. Innabi; Davis Law Office, D. Jason Davis for Plaintiff and Appellant.

Mark R. Weiner & Associates, Michael H. Park for Defendants and Respondents Hector Erami, Hectram, Inc., and Brenda Rodriguez-Murillo.

_____

Nasser Kort was attacked while dining at a restaurant. He sued the restaurant owner and the owner's landlord for negligence and premises liability, alleging they owned or controlled the premises and failed their duty to secure the premises despite prior criminal incidents at the same location. The restaurant owner answered the complaint but the landlord defaulted. Kort moved for a default judgment against the landlord but the trial court deferred entering a judgment until the restaurant owner's liability was established. (A jury ultimately found the restaurant owner not liable.) In its minute order, the court awarded Kort zero money damages and entered judgment for the landlord.

Kort appeals, contending the judgment should have been entered before trial and in his favor. We hold that the court properly waited until after trial before entering judgment, but the judgment should have been in Kort's favor because Lopez was in default. However, the error is nonprejudicial because the court awarded zero damages, and clearly would have done so even had it entered judgment for Kort. Kort otherwise fails to show it would have been "just" to award other than zero damages, which Code of Civil Procedure section 585 requires. We therefore affirm the judgment.

## BACKGROUND

### A. The Incident

We take the facts, which are largely undisputed, from a defense expert's recitation at trial, using them only to establish context.

On August 2, 2019, Kort was ordering food at "Tijuana's Tacos," a restaurant in Pomona. While doing so, Christopher San Luis got into Kort's Toyota Prius in the parking lot, mistakenly

2

thinking it was his Honda. Kort, who was much larger than San Luis, pulled San Luis from the car and called him names. When he released San Luis, the latter left and Kort went back to the restaurant, neither calling the police nor asking anyone else to do so. San Luis returned with a baseball bat and used it to attack Kort, causing injuries to his arm and leg.

## B. Complaint

Kort filed a form complaint against the owners and operator of the restaurant, Hector Erami, Hectram, Inc., and Brenda Rodriguez-Murillo (collectively Hectram), and their landlord, Cruz Lopez, asserting causes of action for negligence and premises liability. Kort alleged "the business and property is owned, managed, and/or controlled by Defendants" and "Defendants were under a duty and failed to properly secure the premises despite prior criminal incidents at the same location causing plaintiffs injuries." He further alleged that the Restaurant Defendants "knowingly failed to report contemporaneous criminal conduct to the authorities on [their] property on the day of the incident which led to those injuries."

Hectram answered the complaint but Lopez did not.

## C. Default Proceedings

The court clerk entered Lopez's default on January 13, 2020, with a statement of damages of $1 million.

On April 21, August 22, and October 19, 2022, Kort filed requests for a court judgment against Lopez, supporting the requests with evidence that he suffered significant injuries because of the San Luis attack.

In response, Hectram filed an ex parte application to stay the default judgment as to Lopez, which the trial court denied.

3

After denying Kort's requests for default judgment without prejudice, the court held an Order to Show Cause hearing on whether a default judgment could be entered against Lopez prior to proceeding to trial against Hectram. Kort filed a brief regarding severability of claims against Lopez, and Hectram filed its own brief.

The court found that some of Hectram's defenses, including lack of duty, lack of foreseeability, superseding causation, and apportionment of damages to San Luis, "would go to plaintiff's right to recover at all from anyone other than the non-party Christopher San Luis, who is not affiliated with any defendant, and who (allegedly) assaulted and battered plaintiff with a baseball bat in response to a prior plaintiff-initiated altercation having to do with plaintiff's car." The court found that these defenses may inure to the benefit of Lopez, and a final judgment must therefore be entered in favor of Hectram first.

In its minute order the court evaluated Kort's damages as follows: special damages: $84,719.52; general damages: $415,280.48; interest: $160,547.95; and costs: $16,579.37, for a total of $677,127.32.

The matter proceeded to trial as to Hectram.

On March 9, 2023, after presentation of evidence but before argument, the trial court stated, "I've heard all the evidence, I'm ready to deal with the Cruz Lopez issue. And the court, having heard the evidence, finds that the owner of the property, who basically is an absentee owner, had no duty and had no liability and judgment [should be entered] for defendant Cruz Lopez on his—on the default."

The same day, the court entered a judgment "for Cruz Lopez and against Nasser Kort" in the amount of "$0.00."

4

The jury thereafter entered a verdict finding Hectram not liable for Kort's injuries.

Kort appeals.

## DISCUSSION

Kort contends the trial court erred by entering judgment in favor of Lopez because Code of Civil Procedure section 585[1] requires judgment be rendered in Kort's favor, as Lopez was in default. We agree that judgment should have been entered for Kort but the error is nonprejudicial because the court properly found Lopez owed Kort nothing in damages.

### A.    Legal Principles

After a defendant fails to respond to a complaint, the court clerk, "upon written application of the plaintiff, shall enter the default of the defendant." (§ 585, subd. (b).)

The default of the defendant admits the well-pleaded factual allegations of the complaint giving rise to liability. (*Steven M. Garber & Assocs. v. Eskandarian* (2007) 150 Cal.App.4th 813, 823-824.)

"The plaintiff thereafter may apply to the court for the relief demanded in the complaint. The court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint, . . . as appears by the evidence to be just." (§ 585, subd. (b); *Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 898.)

We review a trial court's interpretation and application of a statute de novo. (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.)

---

[1] Undesignated statutory references will be to the Code of Civil Procedure.

We review an award of damages after a default judgment for substantial evidence, and will reverse "only where the sum awarded is so disproportionate to the evidence as to suggest that the verdict was the result of passion, prejudice or corruption [citations] or where the award is so out of proportion to the evidence that it shocks the conscience of the appellate court." (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361; see also *Uva v. Evans* (1978) 83 Cal.App.3d 356, 363-364.)

Even where error is shown, we may not reverse a judgment unless the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . on the ground of . . . the improper admission or rejection of evidence, . . . or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].)

## B.     Application

### 1.     Judgment Should Have Been Entered for Kort

Here, the trial court entered judgment in favor of Lopez, the defaulting defendant, and against Kort, the plaintiff. Subdivision (b) of section 585 clearly states that a default judgment must be entered in favor of the plaintiff. Therefore, the court erred in entering judgment in favor of Lopez.

### 2.     The Error was Nonprejudicial

However, the error was nonprejudicial because even had the trial court entered judgment for Kort, its rationale would have resulted in an award of zero damages. A judgment for Lopez and a judgment in favor of Kort but awarding zero damages are equivalent. (See § 1032, subd. (a)(4) [a defendant

6

where neither the plaintiff nor defendant obtained any relief is the prevailing party].)

Kort argues the court was precluded from evaluating Lopez's liability.

We disagree. Section 595 requires the court to render judgment for plaintiff in an amount that "appears by the evidence to be just." (§ 585, subd. (b).) To determine what is just, the court must consider all the circumstances of the case, including, if appropriate, the defaulting plaintiff's comparative liability. To do otherwise runs the risk of working an injustice.

In this vein, the trial court based its procedure and findings, and the phrasing of its judgment, on *Mirabile v. Smith* (1953) 119 Cal.App.2d 685. There, a plaintiff sued two partners on a contract. One partner answered but the other defaulted. The answering defendant contended that no contract existed. The court held that the default should be held in abeyance until the case was "finally determined upon" by the answering defendant where the answering defendant's position is "equally applicable against both of these defendants." (*Id*. at p. 688.) The court stated that were the law otherwise, "a grave injustice would result." (*Id*. at p. 689; see also *Freeman v. Churchill* (1947) 30 Cal.2d 453, 461 [where a defense presented by a non-defaulting defendant is not personal to him but goes to the merits of the case, the defense pleaded by the non-defaulting defendant inures to the benefit of the defaulting defendant as well].)

Kort ignores *Mirabile* and fails to explain how it would be just to award damages against an absentee landlord for negligence and premises liability where the occupying tenant, against whom the same allegations were raised, owes no damages.

7

The trial court also relied on *Adams Mfg. & Engineering Co. v. Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, which held that " '[when] the defenses interposed by the answering defendant [go] to the whole right of the plaintiff to recover at all' "—" 'as distinguished from his right to recover as against any particular defendant' " —and " 'when such defenses prove successful[,] they enure to the benefit of the defaulting defendant, and final judgment must therefore be entered not only in favor of the answering defendant, but in favor of the defaulting defendant as well.' " (*Id.* at p. 656.) Kort ignores this case as well.

The trial court clearly found it would not be just for Kort to recover from Lopez simply because he defaulted, because Kort had no right to recover at all, from any defendant. Even were we to assume for the sake of argument that it was improper for the court to phrase its finding in terms of Lopez's liability rather than damages, the result would be the same: The court found Lopez owed Kort nothing.

In sum, Kort failed to show that an award of damages would have been just, as section 585 requires. He does not argue that the judgment in Lopez's favor prejudiced him in any way or resulted in a miscarriage of justice. For example, he does not argue that a judgment for zero damages in his favor would be materially different than a judgment for zero damages in Lopez's favor. Were we to set aside the judgment and order the trial court to render another judgment in Kort's favor, the new judgment would simply result in a rephrased award of zero damages. (See *Bristol Convalescent Hospital v. Stone* (1968) 258 Cal.App.2d 848, 859 ["The setting aside of a judgment obtained on an unvacated default properly entered results merely in the

8

rendition of such another judgment as the plaintiff's pleadings and evidence might support"].)  Therefore, any error in phrasing the judgment in Lopez's favor was immaterial.

## DISPOSITION

The judgment is affirmed.  Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.